Billy JOEL and Root Beer Rags,
Ltd., Plaintiffs,

v.

VARIOUS JOHN DOES, Jane Does and
ABC Company, Defendants.*

Civ. A. No. 80–C–608.

United States District Court,
E. D. Wisconsin.

July 18, 1980.

Steven E. Keane and David A. Baker, Foley & Lardner, Milwaukee, Wis., Jules D. Zalon, New York City, for plaintiffs.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiffs Billy Joel and Root Beer Rags, Ltd., have moved the court for the issuance of an ex parte temporary restraining order prohibiting certain unnamed persons from selling merchandise bearing Joel's name or likeness outside the Milwaukee Arena where Joel is scheduled to appear today, July 14, 1980.

Joel is a musician who, according to the affidavits filed with the court, has enjoyed considerable commercial success over the

* Identities of defendants unknown (see decision).

last few years, selling millions of records and selling out concert halls throughout the country. Joel's success has spawned a curious underground industry which capitalizes upon his popularity. According to the plaintiffs, there are a number of persons who show up at Billy Joel's concerts with merchandise, usually T–shirts which bear Joel's picture and name. The merchandise is sold outside the concert halls in which Joel is performing.

Billy Joel, needless to say, has not given these entrepreneurs permission to use his name or his likeness. In fact, he has granted plaintiff Root Beer Rags, Ltd., the exclusive right to market such merchandise. Root Beer Rags, Ltd., sells Billy Joel merchandise inside the concert halls in which Joel is performing. Obviously, the presence of the unauthorized vendors outside the concert halls hurts the sales of Root Beer Rags, Ltd.'s merchandise and damages Billy Joel who receives a percentage of such sales.

Plaintiffs have asked the court to enjoin the sale of unauthorized Billy Joel merchandise and to order the seizure of the counterfeit goods. Plaintiffs invoke the federal Lanham Act, 15 U.S.C. § 1051 et seq. and various pendent state law causes of action in support of their claim.

■ Having reviewed the pertinent authorities, I am convinced that the defendants' conduct is proscribed by § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and by the law of Wisconsin. Section 895.50(2)(b), Wis. Stats.; *Hirsch v. S. C. Johnson & Sons, Inc.*, 90 Wis.2d 379, 280 N.W.2d 129 (1979). More troubling, however, is the propriety of the remedy sought by the plaintiffs insofar as it requires the court to enjoin the activities of persons whose identities are unknown at this time. A court does not have the power to order injunctive relief against a person over whom the court has not required in personam jurisdiction. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 111–112, 89 S.Ct. 1562, 1570, 23 L.Ed.2d 129 (1969). A court does not have the power to enjoin the behavior of the world at large. *Chase National Bank v. City of Norwalk*, 291 U.S. 431, 436–437, 54 S.Ct. 475, 477, 78 L.Ed. 894 (1934). Furthermore, as a general rule, the federal courts do not favor the naming of "John Doe" defendants. *Fifty Associates v. Prudential Insurance Company*, 446 F.2d 1187 (9th Cir. 1970); *United States ex rel. Lee v. Illinois*, 343 F.2d 120 (7th Cir. 1965).

■ Notwithstanding the above, I am convinced that the requested injunction should issue in the present case. Plaintiffs have demonstrated that the traditional prerequisites to injunctive relief are present in that they are faced with irreparable injury if the injunction does not issue in addition to having a strong likelihood of success on the merits. The problem of the defendants' identities is met, I believe, by the fact that copies of the summons, complaint, and restraining order itself will be served on all persons from whom Billy Joel merchandise is seized on the night of the concert. These parties will be asked to reveal their names so that they can be added as parties to the lawsuit. All parties will be informed that whether or not they reveal their names they may appear in court on July 16, 1980, to contest the seizures. Plaintiffs, meanwhile, have posted a bond to cover any damages that may be incurred.

■ Were the injunction to be denied, plaintiffs would be without any legal means to prevent what is clearly a blatant infringement of their valid property rights. While the proposed remedy is novel, that in itself should not weigh against its adoption by this court. A court of equity is free to fashion whatever remedies will adequately protect the rights of the parties before it.

IT IS THEREFORE ORDERED that plaintiffs' motion for temporary injunctive relief is hereby granted in conformance with the attached restraining order.