**BROCKUM INTERNATIONAL, INC., Plaintiff,**

v.

**VARIOUS JOHN DOES, Jane Does and ABC Company, Defendants.**

**Civ. A. No. 82–C–1504.**

United States District Court,
E.D. Wisconsin.

Dec. 6, 1982.

Jules D. Zalon, South Orange, N.J., and Mary K. Braza, Foley & Lardner, Milwaukee, Wis., for plaintiff.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

The complaint in this action was filed on December 1, 1982. Presently before me is the plaintiff's request for a temporary restraining order and order of seizure. A telephone conference on the plaintiff's request was conducted on December 3, 1982. Participating in the conference call on behalf of the plaintiffs was Attorney Mary K. Braza of Milwaukee and Attorney Jules D. Zalon of New Jersey.

As is obvious from the caption of the case, I do not at this time know "who" the defendants in this case are. This dilemma is appropriate, however, because the plaintiff in this case represents the interests of "The Who," * a musical group scheduled to appear at a concert at the Milwaukee Arena on December 7, 1982. The plaintiff in this action is a company which has been granted the exclusive right to manufacture and distribute merchandise bearing the trademark "The Who" which is owned, of course, by "The Who."

Plaintiff has filed this action seeking injunctive relief under the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and the common law doctrine of unfair competition, against members of a loosely defined "bootlegging operation" that plaintiff claims will be marketing T-shirts and other souvenir items bearing the name and likeness of The Who at the Milwaukee concert tomorrow night. It is claimed by the plaintiff that these bootlegging operations follow The Who's national concert tour and will be in Milwaukee trying to take business away from it and that they will be successful unless this court issues a restraining order.

I am somewhat disturbed about the timing of the plaintiff's request. The suit was filed on Wednesday, December 1, and the concert is scheduled for December 7. The short time between the two events contributed to an aura of emergency to this proceeding that should not have been necessary. The plaintiff has asked me to literally drop what I am doing and give attention to this case because an order, to protect it, must be entered before tomorrow night. While I do not want to depreciate the plaintiff's rights in this case, on a hierarchy of priorities I doubt whether they are that earthshaking (we're only talking about selling a lot of mostly junk merchandise at grossly inflated prices) that they should not wait to be vindicated in a more orderly way. The Who and its souvenir hawkers knew they were going to be here over two months ago. They could have filed their lawsuit at that time and requested an orderly placement on the calendar a week or two in advance of the concert date. In future cases of this type I will look for good reasons why such a procedure was not utilized before I hear one of these cases on an emergency rush-rush basis. That said, I turn to the merits of the request.

The intent of the Lanham Act is "To protect persons engaged in ... commerce against unfair competition" and "To prevent fraud and deception in such commerce." 15 U.S.C. § 1127. Having reviewed the materials submitted to me, I am convinced that the feared conduct of the unknown defendants would violate the Lanham Act. Furthermore, the unknown identities of the defendants has not been an impediment to the issuance of an order in this district in a similar case. See *Billy Joel v. Various John Does,* 499 F.Supp. 791 (E.D. Wis.1980). Accordingly, the attached order will be issued. In so doing, I decline the invitation of the plaintiff to issue an order prohibiting the same activity in other cities visited by The Who on its national tour. I believe these issues are best left to the local communities involved, and that an order

---

* Although I prefer Chuck Berry, the Coasters and the Drifters, I am familiar with The Who. The Who has performed since the mid-60's, and its record sales run into the millions of units. Their presence here in Milwaukee was occasioned, in no small way, by the activities of a local character known as "Tim the Rock 'n Roll Animal" of Radio Station WQFM, who sat on a window ledge 21 stories above Wisconsin Avenue gathering 70,000 signatures on petitions asking The Who to come to Milwaukee. We haven't had that kind of excitement in Milwaukee since Brigadoon last played at the Melody Top Theatre.

**1056**

having nationwide effect in this case would be inappropriate.