**TWENTIETH CENTURY FOX FILM CORPORATION and Twentieth Century Fox Licensing and Merchandising Corporation, Plaintiffs,**

v.

**MOW TRADING CORP. d/b/a Mowco, Sweatshirts and More, John Does (Nos. 1–1000) and Jane Does (Nos. 1–1000), Defendants.**

**No. 90 CIV 4311 (SWK).**

United States District Court,
S.D. New York.

July 25, 1990.

Pryor, Cashman, Sherman & Flynn by Philip R. Hoffman, Anne E. Kershaw, New York City, for plaintiffs.

Sung K. Yun, Elmhurst, N.Y., for defendant Mow Trading Corp.

### MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The plaintiffs (hereinafter "Fox") brought this action for copyright infringement and unfair competition to protect its copyrights in the characters of the television show "THE SIMPSONS", which runs on the Fox Television Network. Pres-

---

ently before this Court is plaintiff's motion for a preliminary injunction and expedited discovery against the defendant Mow Trading. This Court signed a temporary restraining order and seizure order on June 28, 1990, which was extended once to run until July 24, 1990. Defendant Sweatshirts and More stipulated to a preliminary injunction and expedited discovery. The Court held a hearing on July 24, 1990 on plaintiff's motion with respect to Mow Trading,[1] after which this Court orally granted the preliminary injunction against Mow Trading and indicated that this order would follow.

## DISCUSSION

### Preliminary Injunction

The familiar two-prong standard for a preliminary injunction is:

(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

*Seaboard World Airlines, Inc. v. Tiger Int'l Inc.*, 600 F.2d 355, 359–60 (2d Cir. 1979) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979)). Plaintiff has satisfied its burden of demonstrating irreparable harm and a likelihood of success on the copyright and trademark claims against Mow Trading.

### a) Likelihood of Success

A prima facie claim of copyright infringement here comprises two elements: (1) ownership of a valid copyright in the artwork, characters, distinctive phrases and other creative elements incorporated in or associated with THE SIMPSONS; and (2) that defendant copied the works in question. *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir.1985). According to section 410(c) of the Copyright Act, 17 U.S.C. §' 410(c), a certificate of copyright registration issued within five years of the publication of the copyrighted work constitutes prima facie evidence of the validity of the copyright and its ownership. *See, e.g., Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.*, 602 F.Supp. 151 (S.D.N.Y.1984). The plaintiff has produced the certificate of copyright registration for THE SIMPSONS Style Book, which was effective January 4, 1990. *See* Copyright Certificate of Copyright Registration, attached as Exhibit A to Complaint. The first element of copyright ownership is therefore satisfied.

The evidence on the second element is similarly strong. The testimony and evidence introduced at the hearing demonstrate a clear case of copying. One investigator testified that he purchased infringing shirts from Mr. Yun, as representative of Mow Trading, and several others testified that they were present during the seizure, at which over ten thousand infringing SIMPSONS products were taken. Plaintiff also produced two silk screens that were used to make some of the unauthorized SIMPSONS shirts seized from Mow Trading.

Section 43(a) of the Lanham Act creates a federal claim for unfair competition. To prevail on this claim, plaintiff must show that its marks or design features have acquired secondary meaning and that the defendant's conduct has created a likelihood of confusion to the public as to the source or origin of the product in question. *See Standard & Poor's Corp. v. Commodity Exchange, Inc.*, 683 F.2d 704 (2d Cir.1982). Since its premiere in December, 1989, THE SIMPSONS has become a very successful, one-half hour television show. Furthermore, the broad interest in copying Bart Simpson and the other characters that make up THE SIMPSONS strongly suggests secondary meaning. There is also strong evidence on the likelihood of confusion, as many of the characters on the seized counterfeit merchandise are identical to those appearing in the show and on the licensed products. *See, e.g., Joel v. Various John Does*, 499 F.Supp. 791 (E.D.Wis. 1980) (unauthorized production and sale of T-shirts with performer's name or likeness

---

1. Sung K. Yun appeared pro se, as principal of the defendant Mow Trading. Mr. Yun has declined to retain an attorney; he stated that he understood the testimony of plaintiff's witnesses and did not require a translator. Mr. Yun also performed a limited cross-examination.

violated section 43(a) of Lanham Act); *Winterland Concession Co. v. Sileo,* 528 F.Supp. 1201 (N.D.Ill.1981) (unauthorized T-shirts produced in violation of section 43(a)), *aff'd,* 830 F.2d 195 (7th Cir.1987).[2]

b) Irreparable Harm

Once a copyright holder demonstrates a "reasonable probability of prevailing on the merits" a preliminary injunction should issue because the "copyright holder in the ordinary case may be presumed to suffer irreparable harm when his right to the exclusive use of the copyrighted material is invaded." *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.,* 558 F.2d 1090, 1094 (2d Cir.1977). This presumption of irreparable harm applies here. Moreover, the plaintiff has demonstrated irreparable harm, particularly through its testimony and evidence that T-shirts were seized from defendant's premises which depict Bart Simpson and other SIMPSON characters in unauthorized and grossly disparaging ways.

*Expedited Discovery*

■ Fox moves for expedited production of documents under Federal Rule of Civil Procedure 34 and for expedited depositions under Federal Rule of Civil Procedure 30. Fox seeks to continue the expedited discovery authorized in the temporary restraining order, which permitted accelerated discovery on the following issues: (1) the source(s) of the infringing merchandise; (2) the identity of any person or entity to whom such infringing merchandise has been transferred; (3) the quantity of such infringing merchandise now in defendant's possession, custody or control; and (4) defendant's profits in connection with the sale of such infringing merchandise.

This Court has set forth the requirements for expedited discovery, which are: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between expedited discovery and the avoidance of the irreparable inju-

ry, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Computerland Corp. v. Batac, Inc.,* No. 88–8624 (SWK), 1988 WL 140816 (S.D.N.Y. December 16, 1988) (available on Lexis, Genfed Library, Dist. File, Lexis No. 14079) (citing *Notaro v. Koch,* 95 F.R.D. 403, 405 (S.D.N.Y.1982)). This Court already has found that the first two requirements—irreparable injury and the likelihood of success—have been met. This Court also concludes that the third and fourth requirements support expedited discovery.

There is a basis to conclude that expedited discovery may have some connection with the avoidance of irreparable harm. Inquiry into these areas on an expedited basis may very well lead to evidence of continuing infringement by this defendant or others; it may also lead to the discovery of future plans to infringe or the discovery of additional infringing merchandise. The Court also does not find that expedited discovery would pose a substantial hardship to Mow Trading or Mr. Yun. The information sought should be within the possession and control of Mow Trading, and expedited discovery on these issues does not appear to be overly broad or burdensome. Furthermore, the irreparable injury that defendant potentially faces in the absence of expedited discovery is of far greater significance than any inconvenience to defendant from such expedited discovery.

CONCLUSION

Plaintiff's motion for a preliminary injunction and expedited discovery against Mow Trading is granted.

SO ORDERED.

---

**2.** This Court concludes that a preliminary injunction is justified on the grounds of copyright infringement and violation of the Lanham Act. Fox also contends, however, that it is likely to succeed on its (1) its common law unfair competition claim for passing off inferior and in-

fringing merchandise as merchandise licensed by Fox; and (2) its claim under New York's Anti–Dilution Statute. The Court need not consider the likelihood of success on these grounds at this time.