**TRACFONE WIRELESS, INC., Plaintiff,**

v.

**HOLDEN PROPERTY SERVICES, LLC, et al., Defendants.**

No. 14–20959–Civ.

United States District Court, S.D. Florida.

Signed April 16, 2014.

James Blaker Baldinger, Carlton Fields PA, West Palm Beach, FL, Aaron Stenzler Weiss, Carlton Fields Jorden Burt, P.A., Miami, FL, for Plaintiff.

### ORDER GRANTING TRACFONE'S MOTION FOR EXPEDITED DISCOVERY

EDWIN G. TORRES, United States Magistrate Judge.

This matter is before the Court on the motion [D.E. 6] of Plaintiff TracFone Wireless, Inc. for an Order permitting expedited discovery directed to certain third parties pertaining to Defendants Holden Property Services LLC, Patrick LaMarsh, and Jonathan Despot. Upon review of the motion and supporting record, the motion is Granted.

1. TracFone's Complaint and its Motion for Expedited Discovery allege that Defendants are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and unlawful sale of TracFone prepaid airtime minutes for use on TracFone's service, and other violations of federal and state law.

2. TracFone alleges that it filed this action for damages against Defendants as a result of Defendants' business enterprise that TracFone alleges is unlawful and willfully infringes on TracFone's incontestable trademarks and other rights related to TracFone's prepaid wireless telephone service. TracFone alleges that Defendants' conduct is causing TracFone to suffer substantial monetary losses and has caused TracFone injury.

3. TracFone's request for expedited discovery is supported by a declaration from Kevin Wehling, TracFone's Fraud Investigations Manager, whose declaration attests to how TracFone takes steps to combat fraud and the steps that it took once it learned of Defendants' alleged fraudulent activities.

4. TracFone seeks expedited discovery in this case so it can learn the full extent of the

nature and scope of Defendants' alleged ongoing unlawful conduct as quickly as possible in order to stop Defendants' alleged misconduct. TracFone also claims that it seeks expedited discovery in order to mitigate any additional harm Defendants' alleged improper activities have caused to TracFone's customers. TracFone further argues that it has a strong interest in learning the identities of its legitimate customers whom Defendants have defrauded so TracFone can take steps to make these customers whole.

 5. The Federal Rules of Civil Procedure provide that discovery *may commence before* the parties have engaged in a discovery conference, if ordered by the court. Fed.R.Civ.P. 26(d) and (f). "Control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Williamson v. U.S. Dep't of Ag.*, 815 F.2d 368, 373 (5th Cir.1987) (citations omitted). The Court has "broad discretion" in the scheduling of discovery. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir.2001). Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery. *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D.Cal.2002); *Qwest Comm. Intl. Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

 6. The record in this case, including the allegations in the complaint and the supporting declaration, show that good cause exists for expedited discovery into Defendants' alleged unlawful activity and the harm such alleged activity has caused TracFone. The Court further finds that expedited discovery is necessary so that TracFone may mitigate any additional irreparable harm caused by Defendants' ongoing alleged

scheme. *See, e.g., United States v. Mayer*, 2003 WL 1950079, *1–2 (M.D.Fla. Feb. 20, 2003) (ordering expedited civil discovery due to the risk of irreparable injury); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F.Supp. 473, 475 (S.D.N.Y.1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could be made to avoid further irreparable harm).

7. As the Court finds that expedited discovery is appropriate in this case, the Court hereby orders that Defendants shall comply with the expedited time frame that TracFone requests. *See Chanel, Inc. v. David Trading Co., Inc.*, 2008 WL 4874151, *5 (S.D.Fla., Nov. 12, 2008) ("Plaintiff is authorized to immediately propound requests for production of documents and interrogatories, and the Defendants are hereby required to serve its responses within three (3) days of service of the Plaintiff's requests. Additionally, Plaintiff is hereby authorized to conduct the deposition of [Defendant] within two (2) days of receiving the Defendants' responses to the discovery requests. Defendants are hereby ordered to have the appropriate representative(s) appear for deposition at the date and time noticed by Plaintiff.").

8. TracFone has also included third-party subpoenas to Amazon.com, Inc., Google, Inc., and AT & T, Inc., all of which are likely in possession of relevant information relating to Defendants' improper scheme. The Court further finds that it is appropriate for TracFone to commence third party discovery and the third parties shall comply with the subpoenas.

Accordingly, for the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Expedited Discovery is **GRANTED.** The Court hereby **ORDERS** that:

A. TracFone may serve a subpoena duces tecum in the form attached as Exhibit C to the Motion;

B. Any third parties served with subpoenas duces tecum shall respond within four-

teen (14) days. TracFone may serve the third party subpoenas duces tecum via Fe-dEx and any third parties so served with subpoenas duces tecum pursuant to this Order are expressly ordered to accept service of the same via FedEx;

C. TracFone shall serve a copy of this Order on Defendants by FedEx and then promptly shall file a notice of service of the same after the Order is served.