TRACFONE WIRELESS, INC., Plaintiff,

v.

Dustin L. ADAMS, et al., Defendants.

Case No. 1:14–cv–24680.

United States District Court,
S.D. Florida.

Signed Jan. 21, 2015.

James Blaker Baldinger, Carlton Fields PA, West Palm Beach, FL, Aaron Stenzler Weiss, Carlton Fields Jorden Burt, P.A., Miami, FL, for Plaintiff.

## ORDER GRANTING TRACFONE'S MOTION FOR EXPEDITED DISCOVERY

WILLIAM C. TURNOFF, United States Magistrate Judge.

**THIS MATTER** is before the Court on Plaintiff Tracfone's Motion for Limited Expedited Discovery (ECF No. 4) seeking the entry of an order permitting expedited discovery directed to certain parties and nonparties, pertaining to Defendants Dustin L. Adams and Dexter Adams. Upon review of the motion and supporting record, the motion is **GRANTED.**

### FINDINGS OF FACT

1. TracFone's complaint (ECF No. 1) and its motion for expedited discovery allege that Defendants are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and unlawful sale of TracFone prepaid airtime minutes for use on TracFone's service, and other violations of federal and state law.

2. TracFone alleges that it filed this action for damages against Defendants as a result of Defendants' business enterprise that TracFone alleges is unlawful and willfully infringes on TracFone's incontestable trademarks and other rights related to TracFone's prepaid wireless telephone service. TracFone alleges that Defendants' conduct is causing TracFone to suffer substantial monetary losses and has caused TracFone injury.

3. The gravamen of TracFone's allegations is that Defendants are engaging in a scheme whereby they call TracFone's customer service agents and pose as TracFone employees based at TracFone's headquarters in Miami. According to TracFone, during these calls, Defendants are able to trick TracFone's customer service agents into providing them with free TracFone airtime. TracFone further alleges that Defendants then sell the TracFone airtime they fraudulently obtained through various means, including over the internet and in-person at Wal–Mart parking lots.

4. TracFone's request for expedited discovery is supported by a declaration from Kevin Wehling, TracFone's Fraud Investigations Manager, whose declaration attests to how TracFone takes steps to combat fraud and the steps that it took once it learned of Defendants' alleged fraudulent activities. TracFone's request for expedited discovery is further supported by declarations from Shelia Burgess and Brian Williams, who are two TracFone customers who indicate they purchased TracFone airtime through sellers in a manner consistent with the scheme described by TracFone. In fact, TracFone customer Williams specifically indicated Dexter Adams was the person who sold him TracFone air time.

5. TracFone states that it seeks expedited discovery in this case so it can learn the full extent of the nature and scope of Defendants' alleged ongoing unlawful conduct as quickly as possible in order to stop Defendants' alleged misconduct. TracFone also indicates that it seeks expedited discovery in order to mitigate any additional harm Defendants' alleged improper activities have caused to TracFone's customers. TracFone further argues that it has a strong interest in learning the identities of its legitimate customers whom Defendants have defrauded so TracFone can take steps to make these customers whole.

## CONCLUSIONS OF LAW

6. The Federal Rules of Civil Procedure provide that discovery may commence before the parties have engaged in a discovery conference, if ordered by the court. Fed. R.Civ.P. 26(d) and (f) (emphasis added). "Control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Williamson v. U.S. Dep't of Ag.*, 815 F.2d 368, 373 (5th Cir.1987) (citations omitted). The Court has "broad discretion" in the scheduling of discovery. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir.2001).

7. Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery. *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D.Cal.2002);

*Qwest Comm. Intl. Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo. 2003). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

8. The record in this case, including the allegations in the complaint and the supporting declarations of Kevin Wehling; Brian Williams; and Shelia Burgess demonstrate that good cause exists for expedited discovery into Defendants' alleged unlawful activity and the harm such alleged activity has caused TracFone.

9. The Court further finds that expedited discovery is warranted so that TracFone may mitigate any additional irreparable harm caused by Defendants' ongoing alleged scheme. *See, e.g., United States v. Mayer*, 2003 WL 1950079, at *1–2 (M.D.Fla. Feb. 20, 2003) (ordering expedited civil discovery due to the risk of irreparable injury); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F.Supp. 473, 475 (S.D.N.Y.1990) (granting plaintiff expedited discovery in copyright infringement case so that factual inquiries could be made to avoid further irreparable harm). Indeed, in similar cases, this Court has granted the relief TracFone seeks. *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D.Fla.2014) (Torres, J.) (finding that "good cause exists for expedited discovery into Defendants' alleged unlawful activity and the harm such alleged activity has caused TracFone.").

10. With respect to discovery from Defendants, TracFone requests that Defendants be required to provide written discovery responses within fourteen (14) calendar days of receiving TracFone's discovery requests and that Defendants then be required to appear for deposition within seven (7) calendar days of providing the written discovery responses. As the Court finds that expedited discovery is appropriate in this case, the Court hereby orders that Defendants shall comply with the expedited time frame that TracFone requests. *See Chanel, Inc. v. David Trading Co., Inc.*, 2008 WL 4874151, at *5 (S.D.Fla., Nov. 12, 2008) ("Plaintiff is authorized to immediately propound requests for produc-

tion of documents and interrogatories, and the Defendants are hereby required to serve its responses within three (3) days of service of the Plaintiff's requests. Additionally, Plaintiff is hereby authorized to conduct the deposition of [Defendant] within two (2) days of receiving the Defendants' responses to the discovery requests. Defendants are hereby ordered to have the appropriate representative(s) appear for deposition at the date and time noticed by Plaintiff.").

11. With respect to third party discovery, TracFone requests permission to serve subpoenas on third parties that it reasonably believes may have information relating to the case. The Court finds that it is appropriate for TracFone to commence third-party discovery and the third parties shall comply with the subpoenas. *TracFone Wireless, Inc.*, 299 F.R.D. at 694 (finding, in a similar factual situation, that third party discovery was appropriate).

Accordingly, for the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Limited Expedited Discovery (ECF No. 4) is **GRANTED.** The Court hereby **ORDERS** that:

A. TracFone may serve written discovery requests on Defendants immediately, and Defendants shall respond to the requests within fourteen (14) calendar days of receiving TracFone's discovery requests. Defendants shall also be required to appear for deposition within seven (7) calendar days of providing the written discovery responses.

B. TracFone may serve subpoenas duces tecum on third parties it reasonably believes may have information relating to the case in a form that substantially complies with the law of this jurisdiction and the Federal Rules of Civil Procedure;

C. Any third parties served with subpoenas duces tecum shall respond within fourteen (14) days. TracFone may serve the third-party subpoenas duces tecum via FedEx, and any third parties so served with subpoenas duces tecum pursuant to this Order are expressly ordered to accept service of the same via FedEx;

D. TracFone shall serve a copy of this Order on Defendants by FedEx and then promptly shall file a notice of service of the same after the Order is served.