CROWN CRAFTS, INC., Plaintiff,

v.

Richard ALDRICH, et al., Defendants.

No. 93–167–CIV–5–H.

United States District Court,
E.D. North Carolina,
Raleigh Division.

April 2, 1993.

Norwood Robinson of Robinson, Maready, Lawing & Comerford, Winston–Salem, NC, for plaintiff.

Robert J. Morris and James K. Dorsett, III of Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, for individual defendants.

John H. Zollicoffer, Jr. and Richard H. Moore of Zollicoffer & Long, Henderson, NC, for Corporate defendants.

ORDER

DENSON, United States Magistrate Judge.

THIS CAUSE comes before the court on the plaintiff's Motion for Expedited Discovery seeking to depose defendants Richard Aldrich and Thomas Morgan on five days' notice. Pursuant to this court's order entered March 24, 1993, the undersigned heard oral argument on the motion on March 30, 1993, in Fayetteville, North Carolina.

Robert Morris and James K. Dorsett, III, were present and represented the individual defendants Messrs. Aldrich and Morgan. Richard Moore and John Zollicoffer, III, were present and represented the corporate defendant Southern Quilters, Inc. Norwood Robinson was present and represented the plaintiff Crown Crafts, Inc. Upon hearing oral argument and considering the briefs filed by the parties, the undersigned entered an order in open court. This order memorializes the court's disposition as announced at the hearing on March 30, 1993.

This shareholder's derivative action was filed by Crown Crafts on March 16, 1993, asserting various causes of action against the defendants arising out of alleged improprieties in the management of Southern Quilters, Inc.[1] Defendant Richard Aldrich owns fifty-five percent of Southern Quilters, and is also the Chairman of the Board, Chief Executive Officer and one of three directors of the company. Defendant Thomas Morgan is

---

1. It is before this court pursuant to the jurisdiction conferred in 28 U.S.C. § 1332.

Southern's President, Chief Operating Officer and also a director.

For reasons only plaintiff can fully understand, Crown Crafts purchased the remaining forty-five percent of Southern Quilters in late 1989 from the heirs of Mr. Aldrich's deceased partner for $900,000.[2] With its acquisition, Crown Crafts is able to fill the third director's position by cumulative voting. Since Crown Crafts' purchase, the relationship of Mr. Aldrich and Mr. Morgan with the principals of Crown Craft and the director it elects has been, at times, somewhat strained. There are numerous reasons for the less than familial relations between the parties that will not be listed here. The only issue before the court at this time is Crown Crafts' request for permission to depose Mr. Aldrich and Mr. Morgan on an expedited basis pursuant to Federal Rule of Civil Procedure 30.

■ The court is persuaded that the logic of the holding in *Notaro v. Koch,* 95 F.R.D. 403 (S.D.N.Y.1982), is compelling. The court there borrowed the test for granting a preliminary injunction and applied it to requests for expedited discovery. The court in *Notaro* found

> a dearth of law on the availability of expedited discovery to speed relief where compelling need is shown. Nevertheless, in some cases a plaintiff could need expedited discovery to speed relief. In such cases, however, the court must fashion standards for granting leave that protect the defendant.
>
> ... Plaintiffs contend that without expedited discovery and the resulting earlier trial they will suffer irreparable damage, which they assert establishes compelling need for expedited discovery. In such circumstances, courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the

merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro,* 95 F.R.D. at 405 (footnotes omitted).

Continuing to borrow from preliminary injunction cases, "irreparable injury is one that is 'of a particular nature, so that compensation in money alone cannot atone for it.'" *Connors v. Shannopin Mining Co.,* 675 F.Supp. 986, 988 (W.D.Pa.1987) (*quoting A.O. Smith Corp. v. Federal Trade Comm'n,* 530 F.2d 515, 525 (3d Cir.1976)). The Supreme Court has also defined "irreparable injury":

> Mere injuries, however substantial, in terms of money, time and energy expended ... are not enough. The possibility that an adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974) (*quoting Virginia Petroleum Jobbers Ass'n v. FPC,* 259 F.2d 921, 925 (D.C.Cir.1958)).

■ Plaintiff has simply failed to meet its burden in this regard. The only injury it alleges it has sustained or may sustain during the pendency of this lawsuit can adequately be remedied by money damages.

In addition, the most plaintiff can gain if its Motion for Expedited Discovery is granted is some nineteen days advancement of the time in which they could otherwise take these depositions. The corporate defendant, however, has represented to the court that it will move for a stay of this lawsuit pursuant to North Carolina General Statute section 55–7–40(c).[3] If plaintiff's motion *sub judice*

---

**2.** While Crown Crafts is not a competitor of Southern Quilters, it is a competitor of at least some of Southern Quilter's long time customers. Defendants contend that Crown Crafts bought the minority interest in an attempt to divert Southern Quilter's production to Crown Crafts, thereby hurting Southern Quilter's existing customers and Crown Crafts' competitors. Defendants also contend that Crown Crafts, through its principals and its agents, have attempted to ha-

rass Mr. Aldrich into selling his controlling interest.

**3.** This section reads:

> Upon motion of the corporation, the court may appoint a committee composed of two or more disinterested persons, acceptable to the corporation, to determine whether it is in the best interests of the corporation to pursue a particular legal right or remedy. The committee

is granted, plaintiff gains a mere two and a half week head start on its depositions. Defendants, however, will be subject to the time and expense of discovery. If defendants' upcoming motion to stay this derivative action is granted, they may never have to bear the burden of discovery.

Section 55–7–40(c) of the North Carolina Business Corporation Act is specifically designed to prevent corporations from having to bear the burden of litigating every conceivable cause of action. In contrast, the potential benefit to the plaintiff is minimal. Any injury that plaintiff might suffer in nineteen days can be compensated by money damages. Balancing the potential loss to the plaintiff versus the potential cost to the defendants, plaintiff once again fails to meet its burden.

Since the plaintiff has failed to meet two of its burdens under the *Notaro v. Koch, supra,* standard, expedited discovery will not be ordered. The litigation will move at the pace set forth in the rules of civil procedure.

For the above reasons, Crown Crafts' Motion for Expedited Discovery is HEREBY DENIED.

shall report its findings to the court. After considering the report and any other relevant evidence, the court shall determine whether the proceeding should be continued or not.

N.C.Gen.Stat. § 55–7–40(c) (1992).