CROWN CRAFTS, INC., Plaintiff,

v.

Richard ALDRICH; Thomas Morgan; Claudia's Home Fashions, Inc.; and Southern Quilters–Carolina Comforters, Inc., Defendants.

Richard ALDRICH and Thomas Morgan, Third Party Plaintiffs,

v.

Robert C. ZIMMER, Third Party Defendant.

No. 93–167–CIV–5–H.

United States District Court, E.D. North Carolina, Raleigh Division.

May 25, 1993.

Norwood & Michael Robinson of Robinson, Maready, Lawing & Comerford, Winston–Salem, NC, for plaintiffs.

Robert J. Morris & James K. Dorsett, III of Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, John H. Zollicoffer, Jr. & Richard H. Moore of Zollicoffer & Long, Henderson, NC, for defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF SPECIAL LITIGATION COMMITTEE AND STAY OF THE ACTION

DENSON, United States Magistrate Judge.

THIS CAUSE comes before the court on the Defendant Southern Quilters–Carolina Comforters' Motion for Appointment of Special Litigation Committee and for Stay of Litigation. The motion has been thoroughly briefed by the parties and argument was

heard on Monday, May 3, 1993, in Raleigh, North Carolina.

Robert J. Morris and James K. Dorsett, III, were present at the hearing and represented the individual defendants Messrs. Aldrich and Morgan. Richard Moore and John Zollicoffer, III, were present and represented the corporate defendant Southern. Norwood and Michael Robinson were present and represented the plaintiff Crown Crafts, Inc. John R. Fornaciari was present and represented the third-party defendant Robert C. Zimmer. Upon hearing oral argument and considering the briefs filed by the parties, the undersigned entered an order in open court. This order memorializes the ruling announced at the hearing.

## I

The basic facts of this case are set out in this court's order entered April 2, 1993. *Crown Crafts v. Aldrich,* 148 F.R.D. 151 (E.D.N.C.1993). Since this court's last order, the motion *sub judice* has been filed by Southern. In addition, the defendants Aldrich and Morgan have filed a counterclaim against Crown Crafts and a third party complaint against Robert C. Zimmer, the minority director elected by Crown Crafts to Southern's board. The counterclaim and third party complaint allege, *inter alia,* breach of fiduciary duties and unfair and deceptive trade practices on behalf of Crown Crafts and Mr. Zimmer.

In the motion before the court, Southern seeks the appointment of a special litigation committee (committee) and a stay of this action pursuant to N.C.Gen.Stat. § 55-7-40(c). The statute, in applicable part, reads:

Upon motion of the corporation, the court may appoint a committee composed of two or more ... disinterested persons, acceptable to the corporation, to determine whether it is in the best interests of the corporation to pursue a particular legal

right or remedy. The committee shall report its findings to the court. After considering the report and any other relevant evidence, the court shall determine whether the proceeding should be continued or not.

N.C.Gen.Stat. § 55-7-40(c).[1] This provision of the statute became effective July 1, 1990, and the parties are not aware of any other attempt to use the provision by a corporation in North Carolina.

## II

■ As a preliminary matter, Crown Crafts argues that the provisions of Section 55-7-40 are not available to Southern in a federal court sitting in diversity, pursuant to *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny. Crown Crafts first states that the appointment of a committee is procedural and not substantive law. While this may be true, and both the Official Comment and North Carolina Commentary refer to the appointment of a committee as a "procedure,"[2] it does not further Crown Crafts' argument.

Crown Crafts' argues that "[i]n *Hannah [Hanna] v. Plumer,* 380 U.S. 460 [85 S.Ct. 1136, 14 L.Ed.2d 8] (1965), the Supreme Court stated that in diversity cases, the procedural rules under the Federal Rules of Civil Procedure apply and not the procedural law of the state. *Id.* at 473-74 [85 S.Ct. at 1145-46]" (Crown Crafts' Memo. in Opposition to Motion at 9). According to Crown Crafts, the applicable procedural law in this case is Rule 23.1 of the Federal Rules of Civil Procedure, and that Rule 23.1 has no provisions for the appointment of a committee. (Crown's Memo. at 9). Therefore, the argument continues, *Hanna v. Plumer* prevents this federal court from applying the state procedure of Section 55-7-40(c).

*Hanna v. Plumer* does not control in this case.[3] Rule 23.1 is entirely consistent with

---

1. The statute also provides for a committee composed of disinterested directors. Since Southern has only three directors and they are all parties to this suit, that provision is admittedly not applicable to this case.

2. The court will assume *arguendo* that the appointment of a committee under Section 55-7-40(c) is procedural, and not substantive law.

3. Even in cases where *Hanna* controls, Crown Crafts' characterization of its holding as drawing a bright line between "procedural" and "substantive" law is incorrect. "The line between

Section 55–7–40. The state provision allows for a device that the federal rule does not contemplate. The terms of Rule 23.1 and the appointment of a committee pursuant to Section 55–7–40 both can be fully honored in federal court. "Since there is no direct conflict between the Federal Rule and the state law, the *Hanna* analysis does not apply." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). In *Hanna*, "the Supreme Court held that when there is a *conflict* between a Federal Rule of Civil Procedure and a state rule, the Federal Rule is to be applied...." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4510, p. 164 (emphasis added). There is no conflict. There is no *Erie* problem.

*Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) is in accord. While *Cohen* predates *Hanna*, it is still instructive. In *Cohen*, a plaintiff brought a shareholder's derivative action pursuant to New Jersey law in a federal court sitting in diversity. New Jersey law required the posting of a bond by the plaintiff to cover the corporation's expenses in the event that the shareholder lost the suit. Then, as now, Rule 23.1 did not require the posting of any bond.[4] The Supreme Court held that the New Jersey requirement of a posted security applied in the federal diversity action. The Court noted that the requirements of then Rule 23(b) did not "conflict with the [state] statute in question and all may be observed by a federal court, even if not applicable in state court." *Cohen*, 337 U.S. at 556, 69 S.Ct. at 1230. Likewise, the North Carolina provisions of Section 55–7–40(c), while not mandatory like the New Jersey requirement in *Cohen*, are available in federal court. Crown Crafts loses this argument.

### III

■ Crown Crafts next argues that Section 40(c) provides for the appointment of a committee, but does not provide for a stay of the action even if a committee is appointed. Crown Crafts points out that the only provision of Section 40 that uses the word "stay" is within subsection (b). Therefore, Crown Crafts argues, the court has no authority to stay the litigation under subsection (c) and that there is therefore no savings to be had by Southern even if a committee is appointed. This argument is meritless.

Crown Crafts is correct when it points out that subsection (c) does not use the word "stay." Subsection (c) does, however, state that the committee is "to determine whether it is in the best interest of the corporation *to pursue* a legal right or remedy." N.C.Gen. Stat. § 55–7–40(c) (emphasis added). If the committee is to decide whether or not the corporation is to pursue the action, it would be nonsensical to allow the action to continue while the committee made that determination.

Furthermore, subsection (c) states that the court, after reviewing the committee's report, "shall determine *whether the proceeding should be continued or not.*" *Id.* This language is consistent with a stay of the action. Taken in context with the first provision quoted, this latter language contemplates a *resumption* (or continuation) of the action after it has been stayed. Any other interpretation is inferior.

The language of subsection (c), while not expressly granting it, contemplates the issuance of a stay pending the committee's report. The appointment of a committee would be meaningless if the litigation were allowed to continue pending its investigation. A straightforward, common sense interpretation of the statute yields a better result than Crown Crafts' strained alternative.

In any event, as Crown Crafts' counsel conceded at argument, the court has the inherent power to stay any action on its docket, irrespective of any particular statutory authority ·or motion of a party. "The court has inherent power to provide for the

'substance' and 'procedure' shifts as the legal context changes. 'Each implies different variables depending upon the particular problem for which it is used.' " *Hanna*, 380 U.S. at 471, 85 S.Ct. at 1144 (*quoting Guaranty Trust Co. v. York*,

326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945)).

**4.** Rule 23.1 was then codified as Rule 23(b).

conduct of the proceedings in a derivative action, including the power to determine the course of the proceedings...." Fed. R.Civ.P. 23.1, *Notes of Advisory Committee on Rules* (1966).

The court finds that the authority to stay an action is given by the terms of Section 55–7–40 upon the appointment of a committee. Crown Crafts' argument fails notwithstanding the above holding, as the court can stay the action even without specific statutory authority.

## IV

■ Having held that the appointment of a committee under Section 55–7–40(c) is available to a North Carolina corporation litigating a derivative action in federal court in a diversity action and that the court has the authority to stay litigation pending the report of the committee, the court now turns its attention to whether or not this case warrants such an appointment and stay. If the court finds that an appointment is warranted, it will stay the action pending the committee's report. An appointment without a stay, at least in this case and probably in the majority of cases, would be senseless.

### A

Southern correctly argues that the statute is designed to prevent a corporation from having to defend every possible derivative action brought against it. However, the appointment by the court of a committee is not mandatory. The statute states that "the court *may* appoint a committee," but provides no guidance as to when such a committee should be appointed. The court, in its discretion and after reading the briefs and hearing argument from all parties, finds that the appointment of a committee is inappropriate in this case.

Southern claims it needs the protection of the statute because the costs of defending this action potentially could be ruinous for it. Southern points out that its 1988 sales were approximately $15,000,000.00, while Crown Crafts' sales were over $122,000,000.00. (Southern's Memo. in Support of its Motion at 4). Southern also points to the somewhat suspicious purchase by Crown Crafts of a 45% minority interest in Southern, a closely held corporation, from the estate of Mr. Aldrich's deceased business associate. Furthermore, Southern points out that Crown Crafts is a competitor of many long time Southern customers. Southern also claims that relations between counsel in this still young litigation have been extremely contentious, and the court has seen evidence of such behavior. Southern argues that these circumstances support its allegation that Crown Crafts may be more interested in either forcing Mr. Aldrich to sell his interest to Crown Crafts or in bankrupting Southern than it is in legitimately pursuing a derivative action. According to Southern, either result would benefit Crown Crafts.

Whether or not Crown Crafts brought the suit with ulterior motives, the court is not unsympathetic to Southern's position. It is a much smaller business than Crown Crafts and this litigation may prove to be prohibitively costly to it. That possibility has been given much weight by the court in considering whether or not to grant Southern's motion.

The North Carolina General Assembly has seen fit to provide for the opportunity for the court to appoint a committee under the terms of Section 55–7–40(c). As is the case throughout most of the North Carolina Business Corporation Act, Section 55–7–40(c) applies to large publicly held corporations, small closely held corporations and every corporation in between. The statute applies to all, even though the extremes have very little in common other than legal form.

It is easy to understand the need a large publicly traded corporation might have for the provision of Section 55–7–40(c). A shareholder with even one share of stock has the right to bring a derivative suit. The committee would allow the corporation, through an independent group, to investigate such a claim without the expense of litigation. The procedure thereby allows the claim to be investigated by an independent body whose findings are subject to court approval, while at the same time protecting the corporation from potential costly litigation of frivolous or unfounded claims.

The utility of such a procedure within the context of this close corporation is not as apparent. The distinction between the best interest of the corporation and the best interest of the corporate principals may not be as clear in the context of a close corporation as it is in the context of a publicly held corporation. Turning to the specifics of this case, Crown Crafts presented potential evidence to the court that shows it has a colorable claim. As Southern alleges, Crown Crafts may have ulterior motives in bringing this lawsuit. Nevertheless, for the purposes of this motion only, the court is satisfied that Crown Crafts also has a legitimate derivative cause of action. The court concludes that the appointment of a committee is very likely to only delay litigation and increase its costs.

Section 55–7–40(c) requires court approval of the committee's recommendation. Either the committee would recommend that the lawsuit proceed or it would not. If it recommends that the lawsuit be dropped, Crown Crafts could challenge the committee's recommendation in court, thereby creating an additional layer of litigation, tangent to the underlying issue. Of course, Crown Crafts could accept the committee's report, and the litigation would have been avoided. The court is satisfied that the last alternative is very unlikely.

### B

Crown Crafts has also alleged at least one direct action against defendants Aldrich and Morgan.[5] Aldrich and Morgan have also filed counterclaims against Crown Crafts and the director it elected to Southern's Board, Robert Zimmer. Crown and Mr. Zimmer correctly argue that Section 55–7–40(c) only applies to derivative actions and that it has nothing to do with the counterclaims.

Messrs. Aldrich and Morgan reply that they will voluntarily cease prosecution of the counterclaims if the court stays the action. While a voluntary stay may be satisfactory as to the corporate third party defendant Crown Crafts, it is not satisfactory to the individual third party defendant Mr. Zimmer.

If the court stays Crown Crafts' derivative actions, the court will be left with two options. Mr. Zimmer's case would either continue, thereby substantially defeating the cost savings of the stay, or he would have charges of breach of fiduciary duty and misconduct frozen, without opportunity to challenge them. Messrs. Aldrich and Morgan voluntarily brought the charges against Mr. Zimmer, and he is entitled to have those charges against him proceed.

In regard to Crown Crafts' nonderivative claim or claims, Southern argues these claims have been brought only to defeat the provisions of Section 55–7–40(c). Southern argues that if one direct claim tacked on to an essentially derivative action is reason to deny the appointment of a committee or defeat the purpose behind a stay, then such a committee will never be appointed nor a stay ever granted. Any derivative plaintiff need merely assert a direct action and not worry about the appointment of a committee or a stay. Southern's argument goes too far.

While the assertion of direct claims is something for the court to consider in the context of a motion to appoint a committee, it does not necessarily equate with denial of a motion to appoint a committee or a stay of the action. It would be up to the court to weigh the facts and circumstances in every given case. In addition, litigants face possible sanction if an unfounded direct action is asserted merely in an attempt to avoid the appointment of a committee. Furthermore, the possibility of a summary disposal of a direct action always exists in any given case, thereby opening the door for the effective appointment of a committee and the stay of the derivative actions.

### C

In conclusion, the appointment of a special litigation committee and a stay of this action pursuant to the terms of North Carolina General Statute section 55–7–40(c), while available to this federal court sitting in diversity, is not warranted in this case. The

---

**5.** The defendants concede that the alleged failure to pay a dividend is a direct action. Crown Crafts asserts it has alleged other direct actions.

The defendants dispute the characterization of the other actions as direct.

appointment of a committee is generally more appropriate in the context of a publicly held corporation, or at the very least within a close corporation with more than two owners. Crown Crafts has a colorable claim. The court is satisfied that the appointment of a committee would likely only delay litigation and not prevent it. Crown Crafts has asserted direct action claims that must be resolved in one way or another. Messrs. Aldrich and Morgan have filed counterclaims against Mr. Zimmer that also must be addressed. In weighing the factors in favor of and against the appointment of a committee and a stay of this action, the court is satisfied that this case does not present a legitimate opportunity to appoint a committee and the stay of Crown Crafts' derivative actions.

Accordingly, Southern's MOTION FOR APPOINTMENT OF SPECIAL LITIGATION COMMITTEE AND FOR STAY OF LITIGATION IS HEREBY DENIED.

SO ORDERED.