The IRISH LESBIAN AND GAY
ORGANIZATION, Plaintiff,

v.

Rudolph W. GIULIANI, in his official capacity as Mayor of the City of New York, William J. Bratton, in his official capacity as Police Commissioner of the City of New York, and The City of New York, Defendants.

No. 96 Civ. 1398 (JGK).

United States District Court,
S.D. New York.

March 2, 1996.

Jacqueline C. Charlesworth, Brian G. Murphy, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Plaintiff.

Virginia Waters, Andrew M. Wasserman, Assistant Corporation Counsel, Paul A. Crotty, Corporation Counsel of the City of New York, New York City, for Defendants.

## MEMORANDUM OPINION AND ORDER

KOELTL, District Judge:

Plaintiff brings this action challenging defendants' denial of the plaintiff's application for a permit to conduct a parade on March 16, 1996 prior to the annual St. Patrick's Day Parade (the "Parade") on 5th Avenue in New York City. Plaintiff alleges that Section 10–110 of the Administrative Code of the City of New York, the provision under which the defendants allegedly administer applications for parade permits, violates the United States Constitution and the New York State Constitution, both on its face and as applied to the plaintiff. The plaintiff seeks a preliminary injunction and injunctive and declaratory relief pursuant to 42 U.S.C. § 1983, and 28 U.S.C. § 2201, respectively. On February 27, 1996, the plaintiff brought an Order to Show Cause why an order should not be entered granting the plaintiff expedited discovery with respect to its complaint. At a hearing held on February 27, 1996, the defendants made an application to transfer this action to the Honorable John F. Keenan as a related matter. *See Irish Lesbian and Gay Org. v. Bratton,* 882 F.Supp. 315 (S.D.N.Y.) (Keenan, J.), *aff'd,* 52 F.3d 311 (2d Cir.1995). The defendants also made an application to submit a motion to dismiss the complaint on the basis of res judicata or collateral estoppel by the middle of next week before proceeding with discovery or a hearing on the merits of the preliminary injunction. The defendants submitted a memorandum of law in support of their application to transfer and in response to the plaintiff's motion for expedited discovery. The plaintiff submitted its reply papers with respect to both issues on March 1, 1996. After reviewing the submissions of the parties and the relevant cases, and having considered the arguments by counsel, the Court hereby orders that:

1. The defendants' application to transfer this action to Judge Keenan is **denied.** In the Southern District of New York, whether to transfer a case to another District Judge is a matter left solely to the discretion of the Court under the Rules for the Division of Business Among District Judges, adopted pursuant to 28 U.S.C. §§ 137, 2071, and Fed. R.Civ.P. 83. Principally, these rules govern the assignment and transfer of actions among judges. The Division of Business Rules explicitly state that litigants and their attorneys have no rights under the Rules. *See* S.D.N.Y. Division of Business Rules, preamble. *See also United States v. International Bhd. of Teamsters,* 697 F.Supp. 710 (S.D.N.Y.1988); *Shea v. Angulo,* No. 93 Civ. 4183, 1994 WL 86374, at *1 & n. 3 (S.D.N.Y. March 16, 1994).

The transfer of related cases is governed by Division of Business Rule 15. That Rule provides, in relevant part:

> [A] civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served. Without intending to limit the criteria considered by the judges of this court in determining relatedness, a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pretrial discovery may be deemed relevant.

S.D.N.Y. Div. of Business Rule 15(a). Applying these factors to this case, I do not find that the interests of justice and efficiency will be served by a transfer to Judge Keenan. The case before Judge Keenan is closed and there is no other action to which this one is related. Consequently, this case presents none of the concerns for duplicative discovery, overlapping briefing schedules, conflicting pretrial proceedings, or other sources of potential inefficiency that are envisioned by

Rule 15(a). Nor would reassignment accomplish any substantial savings of judicial resources. In fact, the defendants themselves argue that this case presents the straightforward application of legal principles and, in particular, the prior decision by Judge Keenan which has already been reduced to a judgment and affirmed by the Court of Appeals for the Second Circuit. Following the terms of the Rule promotes the evenhanded assignment of cases and the equitable distribution of judicial workload. In any event, the defendants have set forth no reason why a transfer would promote a more efficient disposition of this case. Accordingly, I find that this case is not related to another case, nor would transfer of this case be in the interests of justice or judicial efficiency. Given the considerations discussed above, I would not exercise my discretion to transfer this case. Therefore, the defendants' application for a transfer is denied.

2. The defendants' application to make a motion to dismiss the complaint on the basis of res judicata or collateral estoppel before proceeding with discovery or a hearing on the merits of the preliminary injunction is **denied.** The defendants may of course make any motion available to them under the Federal Rules of Civil Procedure, including a motion to dismiss under Rule 12(b). That is not an independent reason to delay discovery, however, or to defer consideration of the preliminary injunction motion. Given the timing of the Parade which is scheduled in only two weeks, it is plain that the preliminary injunction must be heard and determined before that time. Deferring the full briefing and hearing until a hearing on any motion to dismiss could prevent a full opportunity for the parties to present their arguments and evidence on the preliminary injunction. The issues of res judicata and collateral estoppel, to whatever extent they may apply in this case, are best addressed in the context of the determination of the preliminary injunction itself. The defendants can raise all of those arguments as part of their argument that the plaintiff is unlikely to succeed on the merits of its claim.

3. The plaintiff's application for expedited discovery is **denied.** To evaluate a request for expedited discovery, the following factors must be considered:

(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro v. Koch,* 95 F.R.D. 403, 405 (S.D.N.Y. 1982). *See Rosecliff, Inc. v. C3, Inc.,* No. 94 Civ. 9104, 1995 WL 3024, at *2 (S.D.N.Y. Jan. 3, 1995); *Advanced Portfolio Technologies, Inc. v. Advanced Portfolio Technologies Ltd.,* No. 94 Civ. 5620, 1994 WL 719696, at *3 (S.D.N.Y. Dec. 28, 1994); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.,* 749 F.Supp. 473, 475 (S.D.N.Y.1990); *see also Crown Crafts, Inc. v. Aldrich,* 148 F.R.D. 151, 152 (E.D.N.C.1993) (adopting *Notaro* as "compelling"). The parties agree that, based upon the alleged deprivation of constitutional rights, the plaintiff has alleged sufficient irreparable injury if the relief they seek is not granted. The defendants contest, however, the remaining three elements under the *Notaro* test.

The plaintiff's document request is vast. It encompasses *all* documents relating to permit applications, whether granted or denied, for any parade since 1985. It also seeks memoranda and reports from administrative and law enforcement sources regarding the assignment or provision of police, traffic control, sanitation, and other services for each of the St. Patrick's Day parades since 1990. The plaintiff also requests all correspondence between the defendants, the plaintiff, and numerous others concerning the plaintiff's efforts to march in, or to obtain a permit to march in or protest the annual St. Patrick's Day parades since 1991. The plaintiff's efforts have been the subject of substantial prior litigation.

The defendants protest that these document requests are overbroad, burdensome, and oppressive. And, while reserving their rights, the defendants have produced a small

number of documents they claim relate to the plaintiff's 1996 permit application, including the parade sponsor's permit application and permit for the Parade issued to that sponsor, and the relevant portions of the Police Administration Guide on parade permits.

In sum, the plaintiff's discovery request is a broadside not reasonably tailored to the time constraints under which both parties must proceed or to the specific issues that will have to be determined at the preliminary injunction hearing. The scope of the requested documents, in some cases going back over ten years, does not correspond to the plaintiff's allegations with respect to this year's permit denial or its claimed need for expeditious relief. Insofar as the documents are requested in support of the plaintiff's assertion that the permitting scheme is unconstitutional, that alleged relationship does not justify expedited discovery under the time constraints presented here—circumstances largely of the plaintiff's making. The plaintiff's claim that the permitting scheme is unconstitutional does not depend on the denial of this year's permit application. Indeed, when this action was filed the plaintiff was not aware its application had been denied. The claim could have been brought in October 1995 when ILGO submitted its permit application to the defendants. The plaintiff contends, in fact, that a sizeable portion of the documents sought are subject to Freedom of Information Act requests. Such requests could have been made at any time prior to the filing of this action.

Moreover, the defendants have raised substantial questions about the need for discovery in this matter at all in light of the similarities of this action to the facts of the case before Judge Keenan in 1995 and the disposition of that case. The defendants suggest that whatever factual differences there may be, the plaintiff's claims relating solely to the 1996 Parade do not require discovery relating to prior years or other parades. The plaintiff does not seriously dispute the similarities between the factual circumstances of this year's Parade with the 1995 parade, and instead argues that the discovery needed relates principally to its claim that the permitting scheme is unconstitutional.

But that relationship is not a basis for expediting discovery of the kind requested here in view of the fact that the plaintiff could have pursued that discovery for months, without waiting until less than three weeks before the Parade.

Additionally, the irreparable injury the plaintiff argues it may suffer if not granted relief is now only two weeks off. Before that time, both parties will require time to brief fully the matters at issue in this case, and prepare for and conduct a hearing before this Court on the preliminary injunction, and possibly pursue an appeal. It will be a formidable task for both parties to litigate these issues in the time remaining, and it is unfair for the defendants to be saddled with the added burden of voluminous document discovery during that same time.

Finally, both sides will have a full opportunity to explore the issues involved in this request for a preliminary injunction at an evidentiary hearing. The papers and the hearing are more than adequate to allow both sides to explore the issues in this case and test the positions proffered by the opposing side.

Accordingly, I find there is not a sufficient connection between the requested discovery and the avoidance of the claimed irreparable injury. I further find that there is no evidence that the injury that will result without expedited discovery looms greater than the injury that the defendants will suffer if the expedited relief is granted. Because the plaintiff has failed to satisfy either the third or fourth prong of the *Notaro* requirements, I need not reach the issue of whether the plaintiff has demonstrated some probability of success on the merits, an issue which will be decided in the context of a decision on the preliminary injunction motion.

In its reply papers, the plaintiff suggests that there are three witnesses it seeks to depose: Chief Louis R. Anemone, Lieutenant Cirillo, and Officer Lebron of the New York Police Department. No expedited depositions were requested initially and the defendants have not had the opportunity to respond to this request. Reply papers are not the proper place for new arguments or requests for relief. In any event, there is no

basis for expedited depositions for the same reasons already set forth above. The plaintiff is entitled to subpoena these witnesses for the hearing on the merits.

4. The following schedule is ordered with respect to the preliminary injunction:

a. The defendants shall serve papers in opposition to the preliminary injunction by **March 8, 1996 at 10:00 a.m.**

b. The plaintiff shall serve papers in reply, if any, by **March 9, 1996 at 5:00 p.m.**

c. The parties shall exchange witness lists by **March 8, 1996 at 10:00 a.m.** Parties shall exchange rebuttal witness lists, if any, by **March 9, 1996 at 5:00 p.m.**

d. A hearing on the preliminary injunction shall be held on **March 11, 1996 at 10:00 a.m.**

**SO ORDERED.**