### In re FANNIE MAE DERIVATIVE LITIGATION.

### No. Civ. 04–1783(RJL).

United States District Court,
District of Columbia.

Feb. 23, 2005.

Harvey B. Cohen, John Christopher Pasierb, Cohen, Gettings & Caulkins, P.C., Arlington, VA, and David H. Shapiro, Swick & Shapiro, P.C., Washington, DC, for Plaintiff.

James D. Wareham, Carolyn Elizabeth Morris, Paul, Hastings, Janofsky & Walker, LLP, James Edward Anklam, Erica Lynne Salmon, Piper, Rudnick, LLP, Michael J. Walsh, Jr., O'Melveny & Myers LLP, Washington, DC, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

LEON, District Judge.

Plaintiff James Kellmer moves this Court for expedited discovery to enable him to make a record upon which to base a motion for preliminary injunction. There are two commonly recognized approaches to determining whether expedited discovery is appropriate: (1) the *Notaro* test; and (2) the reasonableness test. Because the Court finds that expedited discovery is inappropriate under either test, Plaintiff Kellmer's Motion for Expedited Proceedings is DENIED.

### *ANALYSIS*

Federal Rule of Civil Procedure 26 ("Rule 26") does not provide a standard for the Court to use in determining whether expedited discovery is appropriate. The limited case law that discusses expedited discovery, however, reveals two common judicial approaches.

First, in *Notaro v. Koch,* a Southern District of New York court articulated the following stringent standard that moving parties must meet to be granted expedited discovery:

> courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

95 F.R.D. 403, 405 (S.D.N.Y.1982). This standard has been adopted by several judges since Rule 26 was amended in 1993, including one of this Court's colleagues. *See, e.g., SINCLAIR NAT'L BANK V. OFFICE OF THE COMPTROLLER OF THE CURRENCY,* No. 00–2398, 2000 WL 34012862, at *3 (D.D.C. Dec.18, 2000); *Gucci Am., Inc. v. Daffy's Inc.,* No. 00–4463, 2000 WL 1720738, at *6 (D.N.J. Nov.14, 2000); *Irish Lesbian & Gay Org. v. Giuliani,* 918 F.Supp. 728, 730 (S.D.N.Y.1996). Applying this test to the facts in this case, the Court finds that Plaintiff Kellmer is unable to satisfy the stringent standard because he has failed to demonstrate that any irreparable injury will result if the expedited discovery is not provided.

Second, several courts have adopted a more liberal test for expedited discovery that is based on reasonableness. The so-called "reasonableness test" calls for the Court to decide the motion based on the "reasonableness of the request in light of all of the surrounding circumstances...." *Entm't Tech. Corp. v. Walt Disney Imagineering,* No. 03–3546, 2003 WL 22519440, at *3 (E.D.Pa.2003) (internal quotation marks

omitted); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 624 (N.D.Ill.2000). Among the factors to be considered by the Court are: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Entm't Tech.,* 2003 WL 22519440, at *3–5. In this recently consolidated case, still awaiting the filing of plaintiffs' consolidated complaint, the discovery requests made by Plaintiff Kellmer appear to be a thinly veiled attempt to circumvent the normal litigation process. Considering the totality of the circumstances presented, the Court finds that the requests made by Plaintiff Kellmer are unreasonable. Thus, since Plaintiff Kellmer's request for expedited discovery satisfies neither the *Notaro* test nor the "reasonableness test," the Court DENIES the Motion for Expedited Proceedings.

### *ORDER*

It is this 23ʳᵈ day of February, 2005, hereby

**ORDERED** that the Motion for Expedited Proceedings [05–cv–0037 [# 12]] is **DENIED.**

**SO ORDERED.**