**James F. NOTARO, George Longworth, and Pearse M. O'Callaghan, for themselves and all persons similarly situated, Plaintiffs,**

v.

**Edward I. KOCH, individually and as Mayor of the City of New York and as candidate for Governor of State of New York, Defendant.**

No. 82 Civ. 5773 (DNE).

United States District Court, S. D. New York.

Sept. 17, 1982.

---

**404**

Herzfeld & Rubin, Peter J. Kurshan, of counsel, New York City, for plaintiffs.

Cleary, Gottlieb, Steen & Hamilton, Evan A. Davis, of counsel, New York City, for defendant as candidate for Governor.

Frederick A. O. Schwarz, Stephen Kramer, of counsel, New York City, for defendant as Mayor.

## MEMORANDUM OPINION

EDELSTEIN, District Judge:

The plaintiff James Notaro is Secretary and Executive Director of the Liberal Party of New York State ("Liberal Party"). The Plaintiff George Longworth is the Assistant Commissioner of the Division of Human Rights of New York State and a member of the Liberal Party. The Plaintiff Pearse O'Callaghan is the Director of the Division of Cemetaries of New York State and a member of the Liberal Party. These plaintiffs allege that the defendant, Edward Koch ("Koch"), as Mayor of the City of New York, individually and as a candidate for Governor of New York State in the Democratic primary, has violated their constitutional rights of freedom of speech and freedom of expression. Pursuant to 42 U.S.C. § 1983 they seek a permanent injunction.

The plaintiffs allege on the basis of newspaper reports that the defendant has, or that his campaign workers have, compiled lists of Liberal Party members in New York State. The plaintiffs contend that Koch intends to fire Liberal Party members from the state payroll if he is elected Governor of New York State. They further allege, that Koch has released, or has caused to be released, information indicating that he intends to so fire Liberal Party Members, and that these actions have threatened Liberal Party Members and chilled their First Amendment rights.

The plaintiffs request leave of the court to take the deposition of Koch within thirty days following the commencement of the action. Under Fed.R.Civ.P. 30(a), the plaintiff must obtain leave of the court "to take a deposition prior to the expiration of 30 days after service of the summons and com-

plaint upon any defendant," with exceptions not relevant here.

■ This provision protects defendants from unwarily incriminating themselves before they have a chance to review the facts of the case and to retain counsel. *See* 4A Moore's Federal Practice, ¶ 30.54 (1982). This important protection maintains the fairness of civil litigation. Courts should not grant leave without some showing of the necessity for expedited discovery. The court must protect defendants from unfairly expedited discovery.

Few opinions discuss motions for expedited discovery. Those that do, focus on the availability of expedited discovery to depose a person who will soon become unavailable.[1]

There is a dearth of law on the availability of expedited discovery to speed relief where compelling need is shown.[2] Nevertheless, in some cases a plaintiff could need expedited discovery to speed relief.[3] In such cases, however, the court must fashion standards for granting leave that protect the defendant.

■ The plaintiffs herein do not seek an early deposition to protect the effectiveness of discovery. Plaintiffs contend that without expedited discovery and the resulting earlier trial they will suffer irreparable damage, which they assert establishes compelling need for expedited discovery. In such circumstances, courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.[4] The plaintiffs' papers are as yet incomplete in these requirements.

■ The plaintiffs have yet to fill in some gaps in their legal arguments. The defendant's actions do not fall within the rule that bars certain dismissals on the basis of political affiliation. *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). That rule covers only actual or imminent dismissals. On this basis the suit would appear to be premature. Due to the prematurity problem their claim rests only on the allegation that a contingent threat, which cannot in any event be carried out for several months, nonetheless currently chills First Amendment rights.

But the plaintiffs must offer more evidence that a reasonable fear of the alleged threat exists. Before the threatened action can occur, the defendant must win the Democratic primary. He must then win the election. He must survive until he is inaugurated, and he must carry out the alleged threat despite his affidavit denying any intent to carry out any such threat.

---

1. The cases cited by parties on the question of expedited discovery do not control the issue here. All involved *ex parte* requests. *Babolia v. Local 456,* 11 F.R.D. 423, 424 (S.D.N.Y.1951), *Gibson v. Bagas Restaurants, Inc.,* 87 F.R.D. 60, 62 (W.D.Mo.1980) and *Schwartzbaum, Inc. v. Evans, Inc.,* 279 F.Supp. 422, 424 (S.D.N.Y. 1968), although each implied in dicta that some unusual circumstances would be required for expedited discovery with notice.

2. Potential unavailability of a witness is not the only reason for courts to allow expedited discovery. Rule 30(b) expressly allows special notice and expedited deposition of an individual who might become unavailable through certain circumstances. Hence the leave of the court provision in Rule 30(a), which is discretionary, allows the court to grant expedited depositions for other reasons.

3. Usually a plaintiff can obtain a preliminary injunction if he needs speedy relief. Conceivably, however, a plaintiff could lack the information needed to succeed on a motion for a preliminary injunction, but still require fast relief. In such a case, expected to be a rare one, expedited depositions might serve justice.

4. The court finds support for these four elements in the law of remedies. These four requirements parallel those showings necessary to obtain a preliminary injunction. A preliminary injunction is another, more extreme way of speeding relief to plaintiffs, and these prerequisites have been established by courts to protect defendants from the potential damages of speeded up remedies.

In addition, the plaintiffs have not established that Liberal Party members are actually afraid that the threat would be carried out. So far the only members to come forward are apparently fully advised that the law protects them from political dismissal, and the Liberal Party has shown no hesitancy to defend the rights of its members in court.

In addition, the plaintiffs have not yet framed a specific remedy. An injunction might prove difficult because it would impose restrictions on Koch's campaign and might restrict protected First Amendment activity. Finally, since the plaintiffs do not complain that Koch has acted in his capacity as Mayor of New York City, there may not be the necessary state action that would implicate the plaintiffs' federal, constitutional and civil rights. The plaintiffs have not yet touched on this jurisdictional aspect of their case.

The plaintiffs may well be able to overcome these obstacles. Some were neglected in the complaint; others were not fully discussed. As yet, however, the plaintiffs have not made a strong enough showing to justify expedited relief.

The plaintiffs have also not made a sufficient showing of irreparable injury. Possible plaintiffs are protected from political dismissal, which in any event cannot occur until January, 1983. True, if the defendant's actions affect Liberal Party members' behavior that in turn affects the election outcome, the harm might be irreparable, at least for four years. Nevertheless, that possibility appears speculative. The only support that the alleged threatened firing will occur is a newspaper article quoting a Koch campaign worker, and this has been contradicted by Koch's affidavit. Further, the eventuality of Koch becoming governor remains months distant and uncertain. There is no showing that many Liberal Party members feel threatened, or that they have changed their behavior, or that such a change could affect the election.

The plaintiffs have also failed to show the connection between the relief sought and the avoidance of the irreparable harm. There is time for relief before the November election even under the normal process of discovery.

On the final element for obtaining the expedited discovery, the plaintiffs have not shown that the irreparable injury looms greater than the injury to the defendant of expedited discovery. In a deposition of the defendant as a candidate under the inquisition of counsel for an opposition political party without sufficient advance notice, the possibility of an incidental embarrassment is great.[5]

In the heat of campaigning parties use many tactics to gain a political advantage. Before interfering in an election campaign, a court should find a strong legal basis and clear injury supporting judicial action. While this caution is not controlling, it warns this court away from an expedited discovery when weaknesses—as yet unexplained by the plaintiffs—exist in the arguments that attempt to establish the prerequisites for the relief the plaintiffs seek.

The plaintiffs motion for expedited discovery is denied. Nevertheless, the allegations of the plaintiffs if true, constitute a record of grave political wrongdoing. Hence this denial is without prejudice to the plaintiffs to move again for expedited discovery at such time as they can better establish their case.

---

5. The fact that the defendant has retained counsel does not indicate that he does not need the protection of the 30 day rule. Furthermore defendants would have to show more than that the underlying reason for the rule is partially absent here to obtain an exemption from it. The plaintiffs must show a "valid, affirmative reason" for expedited discovery. *Balobia, supra* at 424.