Class Representatives for Subclass (ii) as defined above.

**YOKOHAMA TIRE CORPORATION,**
**Plaintiff,**

v.

**DEALERS TIRE SUPPLY,**
**INC., Defendant.**

**No. 01–1778 PHX LOA.**

United States District Court,
D. Arizona.

Sept. 26, 2001.

P. Bruce Converse, Mariscal Weeks McIntyre & Friedlander, PA, Phoenix, AZ, for plaintiff.

## ORDER

ANDERSON, United States Magistrate Judge.

Pursuant to General Order No. 98–62 of the United States District Court, District of Arizona and Local Rule 1.2(e), Rules of Practice, effective March 1, 1999, all civil cases are, and will be, randomly assigned to a U.S. District Judge or to a U.S. Magistrate Judge. This matter has been assigned to the undersigned U.S. Magistrate Judge.

Pending before the Court is Plaintiff's Ex Parte Application For Expedited Discovery (doc. # 2), filed on September 21, 2001, with the Complaint. Contrary to the language of the motion, no proposed form of Order has been provided to the undersigned with Plaintiff's motion. Plaintiff seeks an order, pursuant to Rule 26(d), FED.R.CIV.P., granting Plaintiff leave to obtain the expedited production of documents from Defendant consisting to two limited categories of documents. Plaintiff also requests that Defendant be ordered to produce the responsive documents within 30 days after service of the Complaint, the Ex parte Motion and the signed Order on the Defendant.

The subject motion presents two issues to the Court: (1) whether the Court should entertain an *ex parte* discovery motion without notice and an opportunity for the Defendant to be heard, and (2) whether the Court,

using the appropriate standard, should exercise its broad discretion to grant the discovery request. The subject motion is not a dispositive motion. Therefore, it may be properly resolved by the undersigned as a pretrial matter without the consent of all or any of the parties. See, 28 U.S.C. § 636(b)(1).

### Ex parte Motion

 *Ex parte* motions [1] are rarely justified. *Mission Power Engineering Company v. Continental Casualty Company*, 883 F.Supp. 488, 490 (C.D.Cal.1995). To be justified, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Secondly, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492. Moreover, the Federal Rules of Civil Procedure require that "every pleading" and "every written motion other than one which may be heard ex parte" subsequent to the complaint be served upon each of the parties. See, Rule 5(a), FED.R.CIV.P. Plaintiff has cited to the Court no procedural rule regarding the production of documents that may be heard on an *ex parte* basis. In fact, Rule 34, FED.R.CIV.P., is silent on the propriety of such a request. Nevertheless, the Court opines that it has the discretion to order the expedited production of documents if the appropriate circumstances exist.

 Other than Plaintiff's perception of the urgency to obtain the subject documents, the subject motion wholly fails to address why the Defendant's authorized representative should not be given notice of the motion and an opportunity to be heard even if the oral argument on the subject motion were scheduled by the Court substantially before the Rule 26(f) Scheduling Conference.

### The Propriety of Expedited Discovery

Rule 26(d), FED.R.CIV.P., provides, in part, as follows:

Timing and Sequence of Discovery. *Except .. when authorized* under these rules or *by order* or agreement of the parties, *a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).* Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery. (Emphasis added).

There is scant authority on the standards governing the availability of expedited discovery before the Rule 26(f) scheduling conference in civil cases. *Philadelphia Newspapers, Inc., v. Gannett Satellite Information Network, Inc.,* 1998 WL 404820 (E.D.Pa. 1998). The district court in *Ellsworth Associates, Inc. v. United States* commented that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." 917 F.Supp. 841, 844 (D.D.C. 1996) (citing *Optic–Electronic Corp. v. United States,* 683 F.Supp. 269, 271 (D.D.C.1987); *Onan Corp. v. United States,* 476 F.Supp. 428, 434 (D.Minn.1979)). Expedited discovery has been ordered where it would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing. *Edudata Corp. v. Scientific Computers, Inc.,* 599 F.Supp. 1084, 1088 (D.Minn.1984), aff'd. in part, rev'd in part on other grounds, 746 F.2d 429 (8th Cir.1984); *Ellsworth Assocs.,* 917 F.Supp. at 844 (ordering expedited discovery where it would "expedite resolution of [plaintiffs'] claims for injunctive relief").

An often-cited case on the subject of expedited discovery is *Notaro v. Koch,* 95 F.R.D. 403 (S.D.N.Y.1982), decided substantially before the 1993 amendment of today's version of Rule 26(d), FED.R.CIV.P. There, the district court enumerated four factors for determining the propriety of expedited discovery: (1) irreparable injury, (2) some probability of

---

**1.** Those motions or hearings in which the court hears only one side of the controversy. See,

Black's Law Dictionary, sixth edition, 1991.

success on the merits, (3) some connection between expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. *Id.* at 405. The court in *Notaro* "borrowed the test for granting a preliminary injunction and applied it to requests for expedited discovery." *Crown Crafts, Inc. v. Aldrich,* 148 F.R.D. 151, 152 (E.D.N.C.1993).

■ One respected treatise provides that "[a]lthough the rule does not say so, it is implicit that some showing of good cause should be made to justify [discovery before the Rule 26(f) conference] such an order; the Advisory Committee Notes suggest that relief would be appropriate in cases involving requests for a preliminary injunction or motions challenging personal jurisdiction." See, Federal Practice and Procedure, 8 *Charles Alan Wright, Arthur R. Miller & Richard L. Marcus,* § 2046.1, p. 592.

Absent credible authority to the contrary, the Court adopts a good cause standard to warrant the granting of any expedited discovery prior to the Rule 26(f) scheduling conference to which the adverse party shall be presumptively entitled to notice and an opportunity to be heard prior to any ruling thereon. See, *Wirtz v. Rosenthal,* 388 F.2d 290 (9th Cir.1967); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992); Rule 30(a)(2)(C), FED.R.CIV.P.,(this rule adds the qualification for an expedited deposition that "the person to be examined is expected to leave the United States and be unavailable for examination in this country").

Accordingly,

**IT IS ORDERED** that Plaintiff's Ex Parte Application For Expedited Discovery (doc. # 2) is **DENIED** without prejudice solely because Defendant was not served with the motion and given an opportunity to be heard. The Court expresses no opinion whether good cause exists to grant the motion on its merits.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Plaintiff's Ex Parte Application For Expedited Discovery and this Order upon Defendant at the same time that the subject Complaint is served.