**POD–NERS, LLC, a Colorado limited liability company, Plaintiff,**

v.

**NORTHERN FEED & BEAN OF LUCERNE LTD. LIABILITY CO., a Colorado limited liability company, et al., Defendants.**

**No. Civ.A.01–WY–2310–AJ.**

United States District Court,
D. Colorado.

Jan. 7, 2002.

Neil L. Arney, Lathrop & Gage, LC, Boulder, CO, for plaintiff.

Richard Sam Oldenburg, Witwer, Oldenburg, Barry & Bedingfield, LLP, Greeley, CO, for defendants.

## ORDER

BOLAND, United States Magistrate Judge.

This matter is before me on the plaintiff's Emergency Motion Under Rule 26(d) for Leave to Conduct Limited Expedited Discovery (the "Motion"), filed December 7, 2001. Defendants have responded in opposition. The Motion is GRANTED.

The plaintiff alleges that it holds the rights under a certificate of protection issued by the United States Department of Agriculture under the Plant Variety Protection Act to a plant variety described as "Bean, Field: 'Enola.'" The plaintiff further alleges that

the defendants have "planted, grown, and harvested, or have instigated or induced others to plant, grow, and harvest," or have "sold, marketed, offered or exposed for sale, delivered, shipped, consigned, solicited offers to buy, exported, dispensed, stocked, exchanged, transferred, and/or conditioned" the protected Enola variety, all without authority and contrary to the rights of the plaintiff. Complaint at ¶ 23. The plaintiff asserts claims of infringement, unfair competition, and tortious interference against the defendants and seeks damages and declaratory and injunctive relief.

The Motion requests that the plaintiff be granted leave to serve on an expedited basis its First Set of Requests for Inspection of Property and Production of Documents and Things. The expedited discovery requests, among other things, that the defendants produce for inspection, sampling, and testing "all yellow field beans," and "all yellow field bean plants" in the defendants' possession, custody, or control; and produce all documents showing "the origin of such beans and plants" and showing all "sales, distributions, or other transfers of yellow field beans" by the defendants. The discovery must be expedited, according to the plaintiff, because the yellow field beans are a commodity and will be sold or otherwise distributed by the defendants prior to the time within which discovery normally would be permitted. The defendants respond that the plaintiff is too late—the beans already have been processed, bagged, sold, and shipped.

Rule 26(d), Fed.R.Civ.P., allows me to order expedited discovery upon a showing of good cause. *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D.Ariz.2001). Good cause frequently exists in cases involving claims of infringement and unfair competition. *Benham Jewelry Corp. v. Aron Basha Corp.*, 1997 WL 639037 at *20 (S.D.N.Y. Oct.14, 1997). In addition, expedited discovery may be appropriate in cases where the plaintiff seeks a preliminary injunction. *Revlon Consumer Products Corp. v. Jennifer Leather Broadway, Inc.*, 858 F.Supp. 1268, 1269 (S.D.N.Y.1994), *aff'd*, 57 F.3d 1062 (2d Cir.1995); *see* Fed.R.Civ.P. 26 Adv.Comm. Notes (1993 amendments to sub-division (d)) (expedited discovery is appropriate "in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction").

In this case, good cause exists to allow the expedited discovery requested by the plaintiff. The beans at issue are commodities and subject to sale, resale, and consumption or use with the passage of time. Consequently, the plaintiff is entitled to inspect the beans and plants in the defendants' possession and to review documents concerning the sale of the beans by the defendants so that the beans may be traced and inspected wherever they now may be found. Further passage of time under the unique facts of this case makes discovery concerning the beans and plants unusually difficult or impossible.

Expedited discovery may be inappropriate where defendants are required to "unwarily incriminat[e] themselves before they have a chance to review the facts of the case and to retain counsel." *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y.1982). Those concerns are not present here, however. The defendants have retained counsel. In addition, the discovery requested on an expedited basis cannot result in the defendants "unwarily" incriminating themselves. The plaintiff does not seek answers to interrogatories; instead, it requests the production of documents and things which already exist, and the requests are reasonable in scope.

The expedited discovery sought by the plaintiff in this case is appropriate. According,

IT IS ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that the plaintiff is granted leave immediately to serve on the defendants its First Set of Requests for Inspection of Property and Production of Documents and Things.

IT IS FURTHER ORDERED that the defendants shall respond to the expedited discovery requests within 11 days of their service.