**SEMITOOL, INC., Plaintiff,**

v.

**TOKYO ELECTRON AMERICA, INC., Tokyo Electron Kyushu Ltd., and Tokyo Electron Ltd., Defendants.**

and

**Related Counterclaims.**

**No. C–02–0288 CW (EMC).**

United States District Court, N.D. California.

April 19, 2002.

---

**274**

Robert M. Bodzin, Clark J. Burnham, Burnham Brown, Oakland, CA, Edgar H. Haug, Stephen J. Lieb, Grace L. Pan, Richard E. Parke, Frommer Lawrence & Haug LLP, New York City, for defendants.

Thomas J. Friel, Jr., Monica Kerstin Hoppe, Benjamin K. Riley, Cooley Godward LLP, San Francisco, CA, for plaintiff.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY (No. 8)

CHEN, United States Magistrate Judge.

Plaintiff Semitool, Inc. (hereinafter "Plaintiff") is a corporation of the state of Montana and the owner of several patents, including, *inter alia*, U.S. Patent Number 5,784,797 (hereinafter "the 797 patent"). The 797 patent relates to the centrifugal cleaning and processing of semiconductor wafers. (Compl. ¶ 14.)

Defendant Tokyo Electron Ltd. is a Japanese corporation and the parent company of subsidiaries (and co-defendants) Tokyo Electron Kyushu, Ltd. and Tokyo Electron America, Inc. (hereinafter collectively "Defendants"). Defendants manufacture, sell and distribute a variety of tools for the centrifugal cleaning and processing of semiconductor wafers including their "PR200Z Cleaning System." (Compl. ¶ 16.)

Around the end of 2000, Plaintiff suspected that Defendants' PR200Z Cleaning System infringed one or more of Plaintiff's patents. (Thomas Friel Decl. ¶ 6; Masahiko Hamajima Decl. ¶ 5.) Plaintiff requested access to technical documents and an inspection of a PR200Z Cleaning System, and although Plaintiff and Defendants agreed in principle to permit such inspection, they failed to reach agreement on the terms of the inspection and disclosure. (Friel Decl. ¶¶ 6, 7; Richard Parke Decl. ¶¶ 2, 3.) Thus, the inspection never occurred and pre-litigation efforts failed to result in mutually satisfactory disclosures. (Friel Decl. ¶ 11; Hamajima Decl. ¶ 7.)

On January 16, 2002, Plaintiff filed suit against Defendants alleging that they had willfully infringed, and continue to willfully infringe, Plaintiff's 797 patent. Plaintiff maintains that some of its other patents may well be infringed but it is not in a position to advance any additional claims without access to the accused device and documents pertaining thereto.

On March 15, 2002, Plaintiff filed a motion for expedited discovery requesting: (1) the technical specifications, schematics, maintenance manuals, user or operating manuals, documents to show the physical configuration, documents to show the operation of the PR200Z Cleaning System; (2) a property inspection of any PR200Z Cleaning System; and (3) Rule 45 requests for documents and property inspections at two of Defendants' customers, International Business Machines (IBM) and Sematech, Inc. Plaintiff's motion was referred to this Court on March 20, 2002, by Judge Wilken.

Based on the record in this case, the parties' briefs and the April 17, 2002 hearing on the motion, the Court makes the following determinations:

### ■ The Court will apply a good cause standard in determining whether expedited discovery is warranted

Defendants contend that this Court should consider the *Notaro* test in determining whether expedited discovery should be allowed. In *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y.1982), the district court of New

York applied a four-prong test in determining whether expedited discovery was warranted. The *Notaro* court considered whether to allow the early deposition of the then mayor of the state of New York in conjunction with claims that the mayor intended to fire certain state employees if the mayor was elected governor. While the plaintiffs did not seek a preliminary injunction, the *Notaro* court required them to satisfy a standard akin to a preliminary injunctive relief:

> [1] irreparable injury; [2] some probability of success on the merits; [3] some connection between expedited discovery and avoidance of irreparable injury; and [4] some evidence that injury will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro*, 95 F.R.D. at 405. The court noted that these requirements, parallel to those necessary to obtain a preliminary injunction, "have been established by courts to protect defendants from the potential damages of speeded up remedies." *Id.* at 405 n. 4. In the end, the court found that the plaintiff did not meet any of these requirements. *See id.* at 405–06.

While a few courts have applied the *Notaro* factors in varying contexts, *see, e.g., Irish Lesbian and Gay Organization v. Giuliani*, 918 F.Supp. 728, 731 (S.D.N.Y.1996); *Crown Crafts, Inc. v. Aldrich*, 148 F.R.D. 151, 152 (E.D.N.C.1993), other courts have declined to apply *Notaro's* four-prong test. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D.Ill. 2000); *Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.*, No. 98 CV 2782, 1998 WL 404820, *2 n. 1 (E.D.Pa.1998). In *Merrill Lynch, supra*, the court reasoned that employing a preliminary-injunction type analysis to determine entitlement to expedited discovery made little sense, especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction hearing. *See Merrill Lynch*, 194 F.R.D. at 624. Rather, "it makes sense to examine the discovery request, as we have done, on the entirety of the record to date and the *reasonableness* of the request

in light of all the surrounding circumstances." *Id.* (emphasis in original).

The Ninth Circuit has not addressed the propriety of *Notaro* and only one district court within this circuit has even cited to the case. In *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612 (D.Ariz. 2001), the district court for the state of Arizona mentioned *Notaro* and its four-prong test without explicitly endorsing or rejecting it. However, the court appears to have rejected *Notaro* in favor of the more general good cause standard for permitting expedited discovery in advance of the Federal Rule of Civil Procedure 26(f) scheduling conference: "[a]bsent credible authority to the contrary, the court adopts a good cause standard." *Yokohama Tire*, 202 F.R.D. at 614. Significantly, the court cited in support of its good cause holding, *Wirtz v. Rosenthal*, 388 F.2d 290 (9th Cir.1967) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992) which applied the general good cause standard employed in Rules 34 and 15, respectively. Other courts have employed the good cause standard without the strictures of *Notaro*. *See Pod–Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D.Colo.2002) ("Rule 26(d), Fed.R.Civ.P., allows me to order expedited discovery upon a showing of good cause").

 The Court rejects the rigid *Notaro* standard and is persuaded that the more flexible good cause standard applied in *Yokohama Tire, supra*, and other cases is the appropriate standard under Rule 26(d). It does so for several reasons.

First, *Notaro* was decided before the 1993 amendment to Rule 26. *Notaro* concerned leave of court to take a deposition within thirty days following commencement of the action, then otherwise barred by Rule 30(a). The driving concern of the *Notaro* court was undermining the Rule 30(a) provision which "protects defendants from unwarily incriminating themselves before they have a chance to review the facts of the case and retain counsel." *Notaro*, 95 F.R.D. at 404. Currently under Rule 26, the bar on discovery extends until the Rule 26(f) conference which often takes place three or four months into the litigation—after the defendant has re-

tained counsel and responded to the complaint. The timing of discovery prescribed by Rule 26(d) focuses not on protecting the unwary and unrepresented defendant, but rather on orderly case management. The *Notaro* factors would not accommodate expedited discovery in circumstances even where such discovery would facilitate case management and expedite the case with little or no burden to the defendant simply because the plaintiff would not suffer "irreparable injury." Such a result is inconsistent not only with Rule 26(d), which requires the Court to consider, *inter alia*, "the interests of justice," but also the overarching mandate of Rule 1 which requires that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." It also unduly circumscribes the wide discretion normally accorded the trial court in managing discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Accordingly, the Court declines to apply *Notaro* and instead applies the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery. Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition. *See, e.g., Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97 CIV 3841 RWS, 1997 WL 639037, *20 (S.D.N.Y. Oct. 14, 1997).

### ■ Good cause exists for permitting limited expedited discovery

■ The relevance of the requested discovery is not at issue here. The technical specifications, schematics, maintenance manuals, user or operating manuals and documents to show the physical configuration and operation of the PR200Z Cleaning System are core documents central to the underlying case. In fact, Defendants admitted at the April 17, 2002 hearing that Plaintiff would receive said information during the course of normal discovery. The issue is whether there is good cause to provide immediate access to the requested discovery rather than postponing its ultimate production during the normal course of discovery.

Judge Wilken has set the initial Case Management Conference for May 24, 2002. Therefore, pursuant to the Federal Rules, Plaintiff may begin propounding discovery requests upon Defendants, twenty-one days prior, on May 3, 2002, the date by which the parties are to confer in preparation for the conference. *See* Fed.R.Civ.P. 26(f). Therefore, what Plaintiff proposes is to advance the propounding of discovery by approximately three weeks. Plaintiff also seeks to shorten the response time for production from Defendants from thirty to ten days. Plaintiff contends that obtaining expedited documents pertaining to the accused device will permit it to determine which, if any, of its other patents are infringed, thereby expediting possible amendment to its complaint, facilitating a more complete and informed Case Management Conference and permit it to comply with its disclosure obligations under North District of California Patent Local Rule 3.[1] If expedited discovery is not permitted, Plaintiff argues this increases the likelihood that disclosures under Rule 3 will have to be amended at a later date, thereby slowing the entire litigation.

Thus, while Plaintiff has not argued that it will be irreparably harmed if it does not receive expedited discovery, it contends expedited discovery would ultimately conserve party and court resources and expedite the litigation.

The Court weighs this benefit to the administration of justice against the possible prejudice or hardship placed on Defendants. Defendants concede the requested information is relevant and will be produced in the normal course of discovery. It also has had notice that Plaintiff has been seeking this information for over a year as there were

---

1. Patent Local Rules 3–1 and 3–2, require that within ten days after the initial case management conference, Plaintiff must submit a disclosure of asserted claims, which must include, *inter alia*, a claim of each patent allegedly infringed, the identification of each apparatus involved in the infringement and documents evidencing the patent allegedly infringed.

pre-litigation disclosure requests made by Plaintiff, as well as extensive discussion between the parties regarding said requests. Moreover, Defendants have had notice of the instant motion and specific discovery sought for nearly a month.

Defendants contend it should not be subjected to expedited discovery without receiving the initial disclosures required by Patent Local Rule 3 and that it needs to know what patents are allegedly infringed before it should respond to discovery. Plaintiff argues, on the other hand, that it needs this limited discovery in order to know what other patents may be infringed. However, this "chicken or egg" dilemma is largely irrelevant at this stage. It is clear that the core documents currently sought by Plaintiff are relevant and discoverable under the current complaint; it will remain so whether or not the complaint is enlarged to add additional claims. In short, Defendants are not prejudiced by responding to this limited discovery in advance of any amendment to the complaint or disclosure under Patent Local Rule 3.[2]

While Defendants claim some logistical inconvenience in responding to the request inasmuch as most of the documents are located in Japan and many may be in Japanese, the Court fails to see why given current communication technology, Defendants cannot respond quickly to the narrow requests propounded by Plaintiff, especially given that the request hardly comes as a surprise and that the Case Management Conference and attendant disclosures are fast approaching. Nonetheless, in view of potential logistical problems, the Court, as indicated below, will afford Defendants twenty days within which to respond the Plaintiff's discovery request as narrowed herein.

The Court's finding of good cause for expediting discovery under the circumstances of this case does not, of course, imply that expedited discovery is appropriate under Rule 26(d) in every infringement case in which the plaintiff might benefit therefrom in framing its complaint. Here, Plaintiff has made a clear showing that the narrow categories of documents and physical inspection of the device not otherwise accessible will substantially contribute to moving this case forward and facilitating compliance with the Patent Local Rules. The request directed to Defendants is narrowly tailored to this benefit. It entails not, e.g., a free ranging deposition for which a representative of Defendants may not have had sufficient time or information with which to prepare, but existing documents and a physical inspection. Moreover, this is a case where the parties are both represented by sophisticated counsel and have engaged in pre-litigation discussion for over a year. Hence, the Court is unable to discern any real prejudice to Defendants in advancing discovery by a modest amount of time.

■ The Court reaches a different conclusion as to the third-party discovery propounded to IBM and Sematech, Inc. The benefits of expediting this particular is not nearly as obvious. It is likely to be largely duplicative of the discovery permitted herein against Defendants. Even if it is not entirely duplicative (Plaintiff contends the accused device may be customized for each customer), Plaintiff has not made any showing how this additional discovery is likely to materially change its patent claims assessment. Moreover, Plaintiff concedes it cannot shorten the time within which IBM and Sematech, Inc. respond, so the net gain, at best, will be to advance discovery by three weeks. Given the likelihood of contention over these requests, it is doubtful this third-party discovery will be completed prior to the Case Management Conference and Patent Local Rule 3 disclosure. Balanced against the lack

---

2. It should be noted that Patent Local Rule 2–5 states that a party may not object to a discovery request as premature because of the Patent Local Rules, with the exception of requests for: [a] claim construction; [b] a comparison by the patent claimant of the asserted claims and the accused item; [c] a comparison by the accused infringer of the asserted claims and the prior art; and [d] counsel opinions and related documents that the accused infringer intends to rely on as a defense, which may be considered premature in light of the production timetable set forth by Patent Local Rules 3–1 through 3–6. The fact that the information requested by Plaintiff is not identified as subject matter that may be considered premature under the Patent Local Rules further supports the appropriateness of expedited discovery herein.

of any substantial incremental benefit is the risk of prejudice or disruption to Defendants' business relations with these customers. The Court finds insufficient cause to permit expedited third-party discovery.

### ORDER

The motion by Plaintiff for limited expedited discovery (Docket No. 8) is **GRANTED IN PART and DENIED IN PART.**

Defendants shall produce within twenty days of the date of this Order, one set each of the technical specifications, schematics, maintenance manuals and user or operating manuals of the PR200Z Cleaning System. Defendants shall also produce one set of drawings and/or pictures showing the physical configuration of the PR200Z Cleaning System and a document (or documents) demonstrating how the PR200Z Cleaning System processes and cleans semiconductors. Defendants need not at this time produce "any and all documents" which are essentially duplicative of those ordered herein. Plaintiff may in the normal course of discovery propound a broader request for such documents under Federal Rule of Civil Procedure 26.

Defendants shall also provide access, within thirty days of the date of this Order, to a PR200Z Cleaning System at any of Defendants' facilities. Plaintiff will be permitted to inspect, observe, videotape and photograph any portion of the PR200Z Cleaning System.

Plaintiff will not be permitted to seek early discovery from Defendants' customers, IBM and Sematech, Inc., but may seek discovery from these entities in the normal course of discovery.

All discovery contemplated by the Court's Order shall be subject to the stipulated protective order to be entered into by the parties. In the absence of a stipulated protective order, all documents produced or generated by this discovery shall be treated as confidential pursuant to Patent Local Rule 2–2.

IT IS SO ORDERED.