Marcus LAUGHLIN, et al., Plaintiffs

v.

ORTHOFIX INTERNATIONAL, N.V., et al., Defendants.

Civil Action No. 05–10557–EFH.

United States District Court, D. Massachusetts.

March 28, 2005.

April 10, 2013.

G. Robert Blakey, Notre Dame Law School, Notre Dame, IN, Eugenia M. Carris, Zachary A. Cunha, Shannon Kelley, United States Attorney's Office, Scott J. Tucker, Tucker, Saltzman & Dyer, LLP, Boston, MA, Neil V. Getnick, Lesley A. Skillen, Getnick & Getnick, New York, NY, for Plaintiffs.

Andrew C. Bernasconi, Kathleen H. McGuan, Reed Smith LLP, Mitchell J. Lazris, Michele W. Sartori, Hogan & Harston LLP, Washington, DC, Michael S. Catlett, Don P. Martin, Quarles & Brady LLP, Nicole M. Goodwin, Greenberg Traurig, Phoenix, AZ, Christine Vargas, Colmey Nixon & Peabody, LLP, Fred A. Kelly, Jr., Joseph J. Leghorn, Nixon Peabody, LLP, Alessandro Martuscelli, Diana K. Lloyd, Eric J. Teasdale, Choate, Hall & Stewart, Douglas A. Robertson Martin, Magnuson, McCarthy and Kenney, Boston, MA, Jennifer A. Corvo, Murtha Cullina LLP, Hartford, CT, Kelli A. Edson, Quarles & Brady LLP, Tampa, FL, Cristina D. Hernandez–Malaby, Hernandez Law LLC, Shorewood, WI, Stephen J. Immelt, Andrea W. Trento, Hogan & Hartson, L.L.P., Baltimore, MD, George M. Linge, Reed Smith LLP, Pittsburgh, PA, Thomas H. Suddath, Jr., Reed Smith LLP, Philadelphia, PA, for Defendants.

### *ORDER*

EDWARD F. HARRINGTON, Senior District Judge.

This matter comes before the Court on the Relator's Motion Regarding Government Production of Documents Pursuant to Rule 45 Subpoena. Relator seeks to obtain confidential documents from the United States Attorney's Office for the District of Massachusetts (the "Government"), which were produced in the course of an investigation of Defendants Smith & Nephew, DJO and ReAble Therapeutics into allegation similar to those raised in the instant action. The Government is not a party to the case.

The parties have not held a Rule 26(f) discovery conference. *See* Fed. R. Civ. P. 26(f). Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized under these rules or by order or agreement of the parties." In order for a party to obtain expedited discovery before the Rule 26(f) Conference, it must show good cause. Fed.R.Civ.P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Relator asserts that "rule 26 proceedings are unnecessary at this time given that defendants have already produced the documents to the government" and that a favorable order would "promote[ ] the interest of judicial economy by avoiding unnecessary delay and wasteful proceedings."

Courts evaluating motions for expedited discovery pursuant to Rule 26(d)(1) have applied two standards to analyze whether good cause exists: (1) a four-part inquiry that is similar to a preliminary injunction standard, *see Notaro v. Koch,* 95 F.R.D. 403, 405 (S.D.N.Y.1982); and (2) a "reasonableness" standard that assesses the reasonableness of the request in light of all the circumstances. *See Momenta Phama., Inc. v. Teva Phama. Indus., Ltd.,* 765 F.Supp.2d 87, 88–89 (D.Mass.2011) (citing cases). The First Circuit has not addressed the proper standard to determine whether "good cause" exists to justify discovery of the sort contemplated by Relator. However, a majority of district courts—including this district—have applied the "reasonableness" standard. *See St. Louis Group, Inc. v. Metals and Additives Corp., Inc.,* 275 F.R.D. 236, 239 (S.D.Tex.2011); *McMann v. Doe,* 460 F.Supp.2d 259, 265 (D.Mass.2006).

Under the preliminary injunction test, the court analyzes whether the party seeking discovery has shown: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the requested discovery and the avoidance of irrep-

arable harm; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury the party would suffer if expedited discovery were available. *See Edgenet, Inc. v. Home Depot USA, Inc.*, 259 F.R.D. 385, 386 (E.D.Wis. 2009). Under the "reasonableness" test, the factors courts consider include: the purpose for the discovery; the need for the discovery to prevent irreparable harm; the plaintiff's likelihood of success on the merits; the burden of discovery on the defendant; and the degree of prematurity. *Momenta*, 765 F.Supp.2d at 89 (quoting *McMann*, 460 F.Supp.2d at 265).

█ Defendants contend that the Relator has failed to make a showing under either standard, arguing that the motion is premised on the erroneous assumption that all documents produced to the government in a separate investigation would necessarily be relevant to the instant proceeding. Defendants contend that allowing the subpoena would effectively remove their ability to lodge objections to particular documents and would deny them the opportunity to designate documents confidential pursuant to a valid protective order. Defendants further contend that the denial of the Relator's motion would, on the other hand, only subject the Relator to the normal discovery process and not deprive access to any relevant documents. The Court agrees. The Relator has not shown good cause under either standard. Relator provides no indication that harm will result unless the motion is granted or that there is a likelihood of success on the merits. On the other hand, allowing the motion could potentially harm the Defendants.

The Relator's Motion Regarding Government Production of Documents pursuant to Rule 45 Subpoena (Docket No. 213) is, hereby, DENIED.

SO ORDERED.