1 
2 
3 
4 UNITED STATES DISTRICT COURT 
5 NORTHERN DISTRICT OF CALIFORNIA 
6 
7 TESLA, INC., Case No. 25-cv-04963-SVK 

8 Plaintiff, ORDER GRANTING IN PART AND 
 DENYING IN PART MOTION FOR 
9 v. EXPEDITED DISCOVERY 

10 PROCEPTION, INC., et al., Re: Dkt. No. 15 
11 Defendants. 

12 On June 11, 2025, Tesla filed this action against Zhongji “Jay” Li (“Li”) and Proception, 
13 Inc. (“Proception”) alleging that Defendants misappropriated certain trade secrets relating to 
14 Tesla’s development of its autonomous humanoid robot internally referred to as “Optimus.” Dkt. 
15 1. Before the Court is Tesla, Inc.’s (“Tesla”) Motion for Expedited Discovery (the “Motion”) 
16 sought in support of its pending preliminary injunction. Dkt. 15. The Parties submitted briefing in 
17 accordance with this Court’s scheduling order, (Dkt. 37), the Court issued a tentative order (Dkt. 
18 47) and this matter came on for hearing on July 3, 2025. The Court’s rulings and reasoning for 
19 same are as set forth on the record and summarized here for the convenience of all concerned.1 
20 Courts have authority to order expedited discovery pursuant to Federal Rule of Civil 
21 Procedure 26(d)(1) so long as “there is good cause to depart from the usual discovery process.” 
22 Citibank, N.A. v. Mitchell, No. 24-cv-08224-CRB 2024 WL 4906076, at *6 (N.D. Cal. Nov. 26, 
23 2024). In assessing whether good cause exists, courts in this District 

24 commonly consider factors including: (1) whether a preliminary 
 injunction is pending; (2) the breadth of the discovery requests; (3) 
25 the purpose for requesting the expedited discovery; (4) the burden on 
 the defendants to comply with the requests; and (5) how far in 
26 advance of the typical discovery process the request was made. 
27 
1 Apple Inc. v. Samsung Elecs. Co., No. 11-cv-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. 
2 May 18, 2011).2 
3 In applying the good cause factors, the Court finds that the first and fifth factors weigh in 
4 favor of expedited discovery: Tesla has a preliminary injunction pending, (see Dkt. 14), and the 
5 timing of the discovery requests is appropriate in light of that pending motion. 
6 The third factor also weighs in favor of granting expedited discovery because, based on the 
7 circumstantial and (limited) direct evidence alleged in the Complaint and sworn to by Tesla’s 
8 witness, Jeff Liang, a “Staff Investigator” in Tesla’s “Security Intelligence” department, Tesla has 
9 demonstrated that the discovery is sought for the purpose of supporting its preliminary injunction 
10 motion, assessing the scope of any potential injunction and to prevent further alleged 
11 misappropriation of its trade secrets. See, generally, Dkt. 1; Dkts. 14-33 (“Liang Decl.”).3 
12 However, the second and fourth factors—the breadth and burden of the proposed 
13 discovery—weigh against the expedited discovery as originally proposed. In particular, 
14 Defendants arguments as to: (a) the meaning of “Tesla’s information” or “Tesla’s Proprietary 
15 Information” and (b) the initial lack of limitation on which devices and time periods must be 
16 searched are well-taken. See Dkt. 40 at 17-24. 
17 The Court appreciates the Parties’ subsequent efforts following this Court’s tentative 
18 ruling, to confer in good faith to resolve these and other issues. Having heard the Parties further 
19 arguments and proposed agreements, the Court finds that good cause supports the following 
20 

21 2 Some courts in other districts have applied a standard that more closely resembles the standard 
 for preliminary injunctive relief, including assessing whether there is “irreparable injury,” “some 
22 probability of success on the merits,” and “some connection between the expedited discovery and 
 avoidance of irreparable injury.” See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 
23 274–76 (N.D. Cal. 2002) (quoting the standard of Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982) 
 and collecting cases following that standard). Courts in this District, however, have “reject[ed] the 
24 rigid Notaro standard” and applied the “more flexible good cause standard.” Id. at 275-76. 
 Accordingly, this Court does not address the merits of Defendants’ arguments that Tesla’s claims 
25 are not sufficiently supported and that Tesla has caused its own exigency. See Dkt. 40, §§ II-III. 
 3 Defendants’ objection, (Dkt. 46), to the Supplemental Liang Declaration, (Dkt. 45-1), and the 
26 
 corrected Ex. A thereto, (Dkt. 43), is OVERRULED AS MOOT. As the Court explained at the 
 hearing, the circumstantial evidence already provided in this case is sufficient to justify some 
27 
 expedited discovery such that the Court need not rely on the Supp. Liang Decl. Additionally, as to 
1 expedited discovery: 
2 • Modified Requests for Production (“Modified RFPs”): 
3 o Devices to be Searched: In complying with the below Modified RFPs, 
4 Defendants shall search: Li’s iPhone and Android phone identified in the Liang 
5 Decl.; Li’s current smartphone; Li’s personal laptop; and Li’s company 
6 (Proception) laptop. 
7 o Contents to be Searched: All local contents of the above devices, as well as 
8 Li’s personal and company (Proception) email accounts and the network or 
9 shared drives of Proception, Inc. As to the last category, the network or shared 
10 drives need only be searched for documents created by Li.4 
11 o Time Periods to be Searched: In complying with the below Modified RFPs, 
12 Defendants shall search for documents and communications between June 1, 
13 2024 and June 1, 2025, inclusive. 
14 o RFP no. 1 – GRANTED as modified: 
15 Defendants shall search for and produce documents and communications 
16 embodying, identifying, describing, relating to, or referring to the Tesla or 
17 Optimus SharePoint addresses identified in Ex. A to the Liang Declaration 
18 that originated from Tesla, originated from Li while employed by Tesla or 
19 are derivative of such documents. 
20 o RFP no. 2 – GRANTED as modified: 
21 Defendants shall search for and produce documents and communications 
22 embodying, identifying, describing, relating to, or referring to any non-
23 public information relating to Tesla’s Optimus project that originated from 
24 Tesla, originated from Li while employed by Tesla or are derivative of such 
25 documents. 
26 
 4 If Defendants find that the search of the network or shared drives pose an undue burden 
27 
 considering the time allotted for expedited discovery, they shall promptly notify Tesla and the 
1 o RFP no. 3 – DENIED without prejudice. 
2 o RFP no. 4 – GRANTED as modified: 
3 Defendants shall search for and produce copies of any document or 
4 communication that includes (or at any time included) any of the file names 
5 or paths identified in Ex. A to the Liang Decl. 
6 • Modified Interrogatories: 
7 o Interrogatory no. 1 – GRANTED as modified: 
8 Defendants shall identify all persons to whom Li disclosed any non-public 
9 information relating to Tesla’s Optimus project other than within the scope 
10 of his employment at Tesla. 
11 o Interrogatory no. 2 – GRANTED as modified: 
12 Defendants shall identify any Electronic Devices or other storage locations 
13 (e.g. network servers, cloud storage, or email accounts) within their 
14 possession, custody or control that contain or at any time contained any 
15 documents or communications embodying, identifying, describing, relating 
16 to, or referring to any non-public information relating to Tesla’s Optimus 
17 project that originated from Tesla, originated from Li while employed by 
18 Tesla or are derivative of such documents.5 
19 o Interrogatory no. 3 – DENIED without prejudice. 
20 • Deposition(s): 
21 o Tesla shall be entitled to take a deposition of Li and one 30(b)(6) deposition of 
22 Proception, to be limited in scope to: documents and communications 
23 produced in response to the Modified RFPs; Defendants’ responses to the 
24 Modified Interrogatories; and general questions regarding Li’s conduct relating 
25 to and after his departure from Tesla. Tesla may not otherwise question Li or 
26 
 5 As discussed on the record, Defendants may satisfy this obligation for the purposes of expedited 
27 discovery by identifying any locations on which documents responsive to the Modified RFPs are 
 ] Proception, as reflected on the record.° 
 2 Defendants’ responses to the Modified RFPs, production of responsive documents and 
 3 || responses to the Modified Interrogatories are due on July 21, 2025. On the same day, Defendants 
 4 || shall report to Tesla the size of its anticipated privilege log, if any. Defendants shall provide a 
 5 || privilege log no later than July 28, 2025, and the Parties shall meet and confer in good faith to 
 6 || resolve any issues that may arise. The deposition(s) of Li and Proception shall be take place at a 
 7 || time and place mutually agreed upon by the Parties during the week of August 4-8, 2025. 
 8 The Parties may stipulate to a modest extension of these deadlines. 
 9 Upon completion of the deposition(s) of Li and Proception, the Parties shall meet and 
 10 || confer regarding briefing of Tesla’s preliminary injunction motion. The schedule agreed to by the 
 11 Parties shall allow time for a short, supplemental brief by Tesla limited to addressing the 
«3 12 || expedited discovery, an opposition by Defendants in accordance with the Local Rules, a reply by 

 13 Tesla in accordance with the Local Rules and a hearing before this Court. 

 (44 

 SO ORDERED. 
 16 || Dated: July 8, 2025 

 17 

 Oo 
7 18 Seeomn varYul 
 SUSAN VAN KEULEN 
 19 United States Magistrate Judge 
 20 
 21 
 22 
 23 
 24 
 25 
 26 
 27 || 6 For example, Tesla may not depose Li or Proception as to any instances of access on Ex. A for 
 which no responsive documents were produced by Defendants. In addition, Tesla may not depose 
 28 || Lior Proception about Proception’s development of its products.